# JANUARY TERM, 1911.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,
Hon. SILAS W. PORTER,                    } Justices.
Hon. CHARLES B. GRAVES,*
Hon. ALFRED W. BENSON,

John Witschy, *Appellee,* v. George W. Seaman,
*as Sheriff, etc., Appellant.*

No. 16,294.

SYLLABUS BY THE COURT.

1. Taxation — *Sale of Personal Property — Lien for Taxes.*
Where a stock of merchandise is sold and transferred in bulk
by the owner to another person, after it has been assessed for
taxation and before the taxes thereon are paid, without re-
taining sufficient to pay the taxes thereon, the statute fixes a
lien upon the stock therefor. (Gen. Stat. 1909, § 9236.)

2. ——— *Lien Not Extinguished—Tax Warrant.* The failure
of the county treasurer in such a case to issue a tax warrant
at once does not operate to extinguish the lien.

3. ——— *Levy for Amount in Excess of the Lien.* The fact that
taxes upon other property of the former owner of the stock
so transferred are included in the gross sum for which the
warrant was issued against him does not make void a levy
upon a part of the stock for the collection of taxes due
thereon.

4. Replevin—*Goods Taken to Satisfy Tax Lien—Tender or Pay-
ment of Tax.* The purchaser of a stock of goods subject to a

---

* Note.—The hearing of arguments and submission of causes
was postponed ·at the opening of the January term until Janu-
·ary 9, 1911, when the term of office of Mr. Justice Graves ex-
pired. His successor, the Honorable Judson S. West, was
·elected November 8, 1910, and took the oath of office January 9,
1911. Mr. Justice West took no part in the decision of any case
.reported in this volume.

lien for taxes, under the statute referred to, must pay or tender the taxes due thereon before he can maintain replevin for a part of the same stock levied upon under a warrant for the collection of such taxes.

Appeal from Brown district court.    Opinion filed January 7, 1911.    Reversed.

*A. B. Crockett,* for the appellant.

*James Falloon,* for the appellee.

The opinion of the court was delivered by

BENSON, J.:. The appellant, as sheriff, levied a tax warrant on personal property, part of a stock of merchandise and fixtures sold and transferred to the appellee on April 15, 1907, after taxes for that year had been assessed thereon.   These taxes were not paid, and a tax warrant was issued therefor January 25, 1908, against the former owner.   The appellee treated the levy as void, replevied the property from the sheriff, and recovered judgment for possession.   The sheriff appeals.

The statute under which the appellant claims that his proceedings should be upheld provides:

"If any person in this state, after his personal property is assessed and before the tax thereon is paid, shall sell all of the same to any one person, and not retain sufficient to pay the taxes thereon, the tax for that year shall be a lien upon the property so sold, and shall at once become due and payable, and the county treasurer shall at once issue a tax warrant for the collection thereof, and the sheriff shall forthwith collect it as in other cases.   The one owing such tax shall be civilly liable to any purchaser of such property for any taxes he owes thereon, but the property so purchased shall be liable in the hands of the purchaser or purchasers for such tax; provided, however; if the property be sold in the ordinary course of retail. trade it shall not be so liable in the hands of the purchasers."    (Laws 1899, ch. 248, § 4, Gen. Stat. 1909, § 9236.)

The language of this statute, while not absolutely clear in its terms, sufficiently discloses the legislative purpose to secure the payment of taxes which otherwise might be lost upon the transfer of the property taxed without retaining enough to pay the taxes. If it should be construed to apply only when all of a person's property of every kind, including property exempt from execution, is sold, its field of operation would be so restricted as to deprive it of practical utility, and the mischief which it must be presumed the legislature intended to prevent would remain. If, however, it is held to apply to sales in bulk of all of a class of personal property, such as a stock of goods or a herd of cattle, without retaining sufficient of the stock or herd or other property sold to pay the tax, its reasonable operation is manifest, and the statute should be construed to cover such transactions. Doubtful cases may arise concerning the operation of the statute, but the facts of the present case are fairly within its terms.

It is argued that because the county treasurer did not issue his warrant at once when the transfer of the goods was made the goods should not be bound for the tax. The lien, however, is expressly given by the statute, and does not rest upon the will of the treasurer. This lien can not be extinguished by mere delay in enforcing it. The provision for the prompt issuance of the warrant is to facilitate collection while the property can be found. The collection of taxes can not be enjoined on account of any mere irregularity nor because of the failure of an officer to perform the duties assigned to him upon the day specified in the statute. (*Bank of Garnett v. Ferris,* 55 Kan. 120.) The purchaser of the goods, who took them subject to the lien, was not injured by delay in enforcing it. He might have discharged it by making payment, and the statute gave him the right to recover from the party owing the tax.

The tax warrant was for one gross sum, which, it

appears from oral evidence, included taxes upon household goods, and perhaps some other personal property, with the taxes upon the stock of goods, the latter being the principal item.   The return of the owner made to the assessor was not placed in evidence by either party, and it is now insisted that a valid levy could not be made for the whole sum upon the property in question. The sheriff, however, testified that in making the levy he cut out the tax upon the other property, and levied only for the taxes on the stock of goods.   The appellee, therefore, was not prejudiced.   A mere irregularity which does not injuriously affect a substantial right can not defeat the collection of taxes.   (*Gulf Railroad Co. v. Morris,* 7 Kan. 210; *Challiss v. Comm'rs of Atchison Co.,* 15 Kan. 49; *Ryan v. Comm'rs of Leavenworth Co.,* 30 Kan. 185; *Life Association v. Hill,* 51 Kan. 636.)   Even if it should appear that through inadvertence or mistake the levy was for more than the true amount of the lien, the owner, before resorting to proceedings to prevent collection, ought to have paid or tendered the amount actually due on the stock purchased.   (*City of Lawrence v. Killam,* 11 Kan. 499; *Miller v. Ziegler,* 31 Kan. 417; *Wilson, Treas., v. Longendyke,* 32 Kan. 267.)   While these principles are more frequently illustrated by cases where an injunction is sought, it applies with equal force where the levy is treated as a nullity and replevin is resorted to to recover property upon which there is a lien for taxes.

The sheriff was rightfully in possession of the property to satisfy the lien for taxes, and should have been allowed to proceed to make collection.   The judgment is reversed, and the cause is remanded for further proceedings in accordance with these views.