THE OSAWATOMIE LUMBER COMPANY, *Appellant,* v. F. M. CHANDLER, as Sheriff, etc., *Appellee.*

No. 18,403.

SYLLABUS BY THE COURT.

TAX WARRANT LEVIED—*Restraining Order Issued—Order Vacated—No Error.* Under the agreed statement of facts and the evidence in this case no error was committed in sustaining the motion to vacate the temporary restraining order which had been made therein.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed October 11, 1913. Affirmed.

*F. B. Dawes, R. C. Miller,* both of Clay Center, and *B. J. Carver,* of Osawatomie, for the appellant.

*E. J. Sheldon,* of Paola, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought to enjoin the appellee, as sheriff of Miami county, from levying a tax warrant issued by the county treasurer of that county upon a certain stock of lumber and at least $2000 worth of promissory notes and accounts which had been listed for taxation by a former owner. After the taxes thereon were levied the taxpayer sold the stock of lumber in bulk without retaining any portion thereof

and without paying the taxes. The stock of lumber, by successive transfers, became the property of appellant prior to any of the proceedings to collect the taxes thereon. The notes and accounts were not sold, but were placed and remained in the hands of a collector in Miami county for collection. The W. N. Certain Lumber Company, owner of the lumber yard, notes and accounts, listed the same for taxation, and at the time the tax warrants were issued and at the time of the trial of this action owned lumber yards in three different cities in Wilson county, Kansas, which were of the value of several hundred dollars. These yards in Wilson county had been kept separate from the yard in question, had never been in or assessed in Miami county, but had been assessed in Wilson county.

The county treasurer of Miami county first issued to the sheriff, appellee, a general tax warrant for the collection of the tax in question against the W. N. Certain Lumber Company. This warrant was returned unsatisfied, with a statement that the property had been sold in bulk to one person without retaining any part thereof, and that the stock of lumber was still in Miami county. Thereupon the treasurer issued the alias warrant in question, which directed that the amount of the tax and costs be made out of the specific property assessed to the Certain Lumber Company. Thereupon this action was commenced.

There is practically no controversy as to the facts. The statute applicable is section 9236 of the General Statutes of 1909, being section 4 of chapter 248 of the Laws of 1899.

There seems to have been no evidence as to whether the treasurer or sheriff did or did not know that the notes and accounts of the Certain Lumber Company had not been sold but were still owned by the company in Miami county, or as to whether such treasurer or sheriff knew or did not know that the Certain Lumber Company owned the lumber yards in Wilson county.

By section 9431 of the General Statutes of 1909 it is made the duty of the sheriff in making his return of a delinquent tax warrant to make diligent inquiry to ascertain in what county the taxpayer resides and to note the county of such residence, if ascertained, in his return. By section 9432 it is made the duty of the county treasurer, immediately after receiving such return, to issue an alias tax warrant to the sheriff of the county in which the taxpayer may reside or in which his personal property may be found. The sheriff did not make any note on the return of the tax warrant as to the residence of the taxpayer or the location of its personal property, and there is no evidence that the sheriff made any inquiry to ascertain these facts. The county treasurer issued no alias tax warrant to any other county, but issued an alias tax warrant against the property in Miami county purchased as before stated.

There is no evidence in the abstract as to whether the W. N. Certain Lumber Company was an individual doing business under that name or was a corporation or a copartnership, or where its residence was, but the agreed statement of facts showed that it owned the lumber yards in Wilson county. Nevertheless, it is contended that the one fact that the taxpayer had property in the state is sufficient to defeat the right to recover taxes from the specific property assessed, which had been sold in bulk without retaining a sufficient amount thereof to pay the taxes. This theory might impose upon county officers the onerous burden of investigating in every county of the state and accurately determining whether the taxpayer had property in any one of them before an alias tax warrant could be legally issued against the property assessed and still in the county. This would be liable to involve more expense than the amount of the tax to be collected, and can not be the intent of the law. There is also no evidence that the sheriff knew or in the exercise of reasonable dili-

gence could have ascertained prior to the return of the first tax warrant that the notes and accounts were still owned by the taxpayer and were still in the county, or the value thereof. Besides, while notes and accounts are property, it is difficult to locate and reduce them to possession, and they are of doubtful value when exposed to public sale. (See *Witschy v. Seaman,* 83 Kan. 634, 112 Pac. 739.)

The majority of the court is of the opinion that the judgment should be and it is affirmed.

SMITH, J. (dissenting): The writer thinks that it is the clear policy of the law that taxes should be collected of the person to whom the property is assessed; that a personal-property tax levied becomes a personal debt; that the duty imposed upon the sheriff by section 9431 of the General Statutes of 1909 is mandatory; that the county treasurer was advised by the return made on the original tax warrant that the sheriff had not performed the duty imposed upon him by statute; that the statute contemplates the taking of the prescribed steps to recover the tax from the taxpayer before resorting to property that has been sold and conveyed. As to all other questions in the case, I concur in the majority opinion. But for the reason that the remedy against the taxpayer was not pursued the judgment should be reversed and a new trial awarded.

WEST, J., also dissents.