No. 26,075.

H. Boxer, *Appellant,* v. Jay Sears et al., *Appellees.*

SYLLABUS BY THE COURT.

1. Taxation—*Lien and Priorities—Filling Station on Leased Land.* The statute relating to taxation as personal property of improvements on leased land not a part of the realty (R. S. 79-328), applied to a filling station.

2. Same—*Lien and Priorities—Personal Property Sold in Bulk.* The statute relating to lien for taxes on personal property sold in bulk without retention of sufficient to pay taxes (R. S. 79-317), applied to a filling station and its equipment.

3. Same—*Wrongful Sale of Personal Property—Replevin.* Rule applied that personal property irregularly sold for taxes may not be replevined until lien for lawful taxes has been discharged.

Appeal from Marion district court; Cassius M. Clark, judge. Opinion filed December 5, 1925. Affirmed.

*E. L. Foulke* and *James B. Nash,* both of Wichita, for the appellant.

*Jay E. Hargett* and *Braden C. Johnston,* both of Marion, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one of replevin to obtain possession of a filling station sold for taxes, or, in the alternative, the value of the property. Plaintiff was defeated, and appeals.

The filling station was assessed in 1922, to the owner, W. L. Reese, as personal property, consisting of structures and improvements on leased ground. On August 1, 1922, plaintiff purchased the property, and received an assignment of the lease of land on which the filling station stood. Taxes duly assessed against the property were not paid, and a tax warrant was issued, which the sheriff executed by selling the property to the defendant, Jay Sears. The sheriff, A. T. Campbell, was made a party defendant.

Plaintiff contends the property was real estate, and not assessable as personal property. The lease provided that the land was leased for ten years, but the lessee did not covenant to pay rent for a longer period than six months. After that, the lease might be terminated unless rent were paid monthly in advance. On termination of the lease, whether for failure to pay rent monthly in advance, or at the expiration of the full period, the lessee was privileged to remove the improvements. The result is, the improvements did not become real

1. Taxation, 37 Cyc. p. 998. 2. Id., 37 Cyc. p. 1147. 3. Id., 37 Cyc. p. 1499.

estate, and were assessable as personal property to the owner, by virtue of the express terms of R. S. 79-328.

Plaintiff contends he purchased the property from Reese free from liability to appropriation for payment of Reese's taxes. The taxes became a lien on the property when Reese sold it to plaintiff by virtue of R. S. 79-317, which provides that if an owner sell all of his property to one person after assessment and before payment of taxes, without retaining sufficient to pay the taxes, the taxes become a lien enforceable by tax-warrant process. In the case of *Witschy v. Seaman*, 83 Kan. 634, 112 Pac. 739, this statute was interpreted. In the opinion it was noted that, if the statute applied only when all of a person's property of every kind is sold, it would be without practical utility, and the mischief intended to be remedied would persist. Therefore, the statute was held to apply to bulk sales of all of a class of personal property, such as a stock of goods or a herd of cattle. The classes mentioned are illustrative. The principle of classification is, a group of articles of personal property so assembled as to form a composite whole.

In this instance, filling station was the collective name for an assemblage of articles of personal property, comprising a concrete building; a frame building; a storage tank having a capacity of 1,020 gallons, buried in the ground; two clear-vision pumps, one an air pump and the other a combination hand and air pump; an air compressor; connections between the tank and the pumps; a wash rack and miscellaneous articles of service equipment; toilet fixtures in one of the buildings; electric light and water equipment for the buildings; and a number of articles constituting office furniture, fixtures and equipment. The entire collection was sold in bulk to plaintiff. He alleged value of $4,000. Certain articles were reservable without affecting mechanical operation of the filling station, which would have paid the tax, and the court is of the opinion the statute applies precisely as if the property had been a store building and stock of goods of the value of $4,000.

The sale was made to satisfy two tax warrants, one of them issued for collection of taxes on property assessed to plaintiff which he contends he did not own. He contends further that the conduct of the sheriff in executing the tax warrants was irregular. These subjects are not open to consideration in this action. Plaintiff may not recover the property, or in lieu of the property its value, until he has discharged the lawful lien. (*Witschy v. Seaman*, supra.)

The judgment of the district court is affirmed.