Andrews v. Hunter.

No. 26,985.

Verne C. Andrews, *Appellant*, v. W. A. Hunter, Sheriff, *Appellee*.

SYLLABUS BY THE COURT.

Taxation—*Lien on Bulk Sale of Merchandise—Effect of Resale*. Where a stock of merchandise is sold in bulk which has been assessed for taxation and the tax thereon has not been paid nor enough of the property retained to pay the taxes thereon a lien on the property arises under R. S. 79-317, and the purchaser takes the goods subject to the lien which follows the goods until they are sold·at retail in the ordinary course of business, but where the goods are sold by the purchaser and are no longer in his possession, the lien does not extend to property other than that purchased and there is no personal liability of the purchaser for the tax.

Appeal from Riley district court; Fred R. Smith, judge. Opinion filed January 8, 1927. Reversed.

*George D. Rathbun,* of Manhattan, for the appellant.

*Walter Reed Gage,* county attorney, and *Alvin R. Springer,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This appeal required the consideration of the right of officers to collect a tax assessed upon a stock of goods from one who purchased the entire stock after the assessment was made and which had not been paid by the seller. The question is raised upon a demurrer to the petition of the purchaser, who sought to enjoin the collection of the tax, which was sustained by the trial court.

In the petition it was alleged, in substance, that on March 1, 1924, a stock of groceries was owned by W. H. Blenkarn and was listed by him for taxation. Verne C. Andrews, the plaintiff, owned the building and fixtures where the business was carried on and he held a mortgage on the goods of Blenkarn. About a month after the assessment was made Andrews took possession of the entire stock under his chattel mortgage, and thereafter operated the grocery. It appears there was a default by Blenkarn in the performance of the conditions of the mortgage under which Andrews was entitled to take possession of the goods. Since taking possession he has operated the grocery and in the course of his business has sold from the stock and replenished the same from time to time so that at the

Taxation, 37 Cyc. p. 1147 n. 46; 41 A. L. R. 190.

time the action was begun no part of the stock taken over in April, 1924, remained. It was alleged that Andrews had paid all the tax assessed against him and his contention was that he was not liable for the tax on the goods, but that a tax warrant had been issued and placed in the hands of the sheriff who had indicated that he was about to levy it upon other property now in the store. The trial court ruled that a cause of action had not been stated in plaintiff's petition and plaintiff has brought the question up for review. The controlling statute provides:

"If any person in this state, after his personal property is assessed and before the tax thereon is paid, shall sell all of the same to any one person, and not retain sufficient to pay the taxes thereon, the tax for that year shall be a lien upon the property so sold, and shall at once become due and payable, and the county treasurer shall at once issue a tax warrant for the collection thereof, and the sheriff shall forthwith collect it as in other cases. The one owing such tax shall be civilly liable to any purchaser of such property for any taxes he owes thereon, but the property so purchased shall be liable in the hands of the purchaser or purchasers for such tax: *Provided, however,* If the property be sold in the ordinary course of retail trade it shall not be so liable in the hands of the purchasers." (R. S. 79-317.)

The statute has been interpreted as applying to sales in bulk of all of a class of property without retaining sufficient of the same to pay the taxes thereon, and it was held that where such a sale is made after the tax has been assessed and before the taxes have been paid, a lien arises on the goods purchased sufficient to pay the taxes thereon. (*Witschy v. Seaman,* 83 Kan. 634, 112 Pac. 739. See, also, *Boxer v. Sears,* 119 Kan. 733, 241 Pac. 443.) It is clear that a lien attached to the stock of goods purchased by plaintiff on which the taxes were not paid and that he took and held the property so purchased subject to that tax. Such a lien follows the goods into the possession of a purchaser except as to that which has been sold in the ordinary course of retail trade, and so long as the purchaser holds the property it may be seized and sold to satisfy the tax. Plaintiff argues that an interpretation which would require one who has already paid the taxes assessed against him to pay those assessed against another would be unjust, but all know that property is subject to be taxed and every purchaser can ascertain in advance whether taxes assessed against property which he proposes to purchase have been paid. He should inquire as to liens before he purchases property and he necessarily takes the risk of a seizure of the same to satisfy the lien just as he would if the property purchased

Andrews v. Hunter.

had been subject to a mortgage or execution lien. Here, however, plaintiff alleges that he no longer has any of the goods purchased from Blenkarn, and he argues that in no event can a lien extend to property other than that purchased from Blenkarn. The statute appears to place the liability on the property purchased rather than to make the tax a personal liability of the purchaser.

Defendant contends that the lien attaches to the stock of goods and covers those which have been substituted for those actually purchased and hence it is immaterial that none of the goods purchased could be found or seized by the officer. The same contention was made by a purchaser in *Mercantile Co. v. Blair & Wendt,* 123 Ia. 290, where the tax against a stock of goods purchased had not been paid, and the goods had been disposed of by the purchaser. A statute of Iowa provided that taxes upon a stock of goods or merchandise should be a lien thereon when sold in bulk and could be collected from the owner, purchaser or vendee, and it was held that the statute created a lien on the goods for the taxes, but that the tax did not become a personal liability against the purchaser. The lien, it was said, might be enforced against the goods and a collection made by the ordinary methods provided for the collection of taxes, but could not be collected by an ordinary action for debt. It was remarked:

"In no event is anyone other than the owner of the goods when the tax is assessed and levied against it, under a personal liability to pay the taxes. True, a lien for the amount of these taxes follows the goods so long as they remain in bulk, but this lien is not a personal charge against the vendee." (p. 293.)

In a note in 41 A. L. R. 190, a list of decisions from several states are collected based on somewhat similar statutes which tend to support the view that in a sale of property the purchaser takes it subject to a lien but that no personal liability is incurred by him for the taxes assessed against his seller, and that the lien only extends to the property purchased, and does not attach to other goods that he may acquire or possess.

Our statute provides that the lien does not follow the property sold at retail in the ordinary course of business and to meet the difficulty of enforcing the lien in such a case, it is provided that when the goods are sold without retaining enough to pay the taxes levied thereon which have not been paid, the taxes at once become due and payable and the county treasurer may issue a tax warrant for the collection of the tax, which the sheriff shall forthwith collect.

In this manner the tax may be collected before any part of the property is sold by retail or otherwise disposed of. If a part of the property remains in the possession of the purchaser and can be identified it may be seized and sold in satisfaction of the lien. In case they are intermingled with other goods it is the duty of the purchaser to segregate or point them out to the tax officer. If he intermingles them with other goods and fails to point them out the doctrine of the confusion of goods would apply and any of the goods so intermingled might be taken for the tax. (*Mills v. Thurston County*, 16 Wash. 378; *Robinson v. Youngblood*, 54 Ind. App. 669.) Here, however, it is recited in the petition that none of the property purchased is in the possession of the plaintiff and therefore it must be held that a cause of action was stated in the petition.

The judgment is reversed and the cause remanded for further proceedings.