Harold Tessler, J.
This is a motion by the defendant, pursuant to section 237-a of the Civil Practice Act, to vacate the service upon him of an order to show cause and the papers thereto annexed, on Sunday, April 16,1961, while he was visiting his children in the home of the plaintiff. The order to show cause was issued on April 6, 1961, to punish the defendant for contempt of court for his failure to pay arrears of alimony due under a judgment of divorce in plaintiff’s favor, which became final on May 18,1960. The order provided that personal service thereof and of the affidavits upon which it was granted on the defendant on or before April 24, 1961, will be deemed sufficient.
Defendant contends that the service of the order to show cause on a Sunday was illegal and void under section 2148 of the Penal Law, which reads as follows: 1‘ All service of legal process, of any kind whatever, on the first day of the week is prohibited, except in eases of breach of the peace or apprehended breach of the peace or when sued out for the apprehension of a person charged with crime, or except where such service is specially authorized by statute. Service of any process upon said day except as herein permitted is absolutely void for any and every purpose whatsoever.”
The plaintiff admits that service took place on a Sunday. She contends, however, that under the provisions of rule 21 of the Buies of Civil Practice contempt proceedings are exempt from usual restrictions of service and, therefore, do not come within the ambit of the section of the Penal Law upon which the defendant relies. Buie 21, entitled “ Manner of service of papers to begin a proceeding ’ ’, provides in pertinent part as follows: “ The provisions of the statutes and rules relating to the mode of personal service of a summons shall apply to the service of any process or other paper whereby a proceeding is begun in a court, or before an officer, except a proceeding to punish for contempt, unless other special provision for the service thereof is made by law or rule.”
The reason for the foregoing exception is that article 19 of the Judiciary Law prescribes the procedure in contempt proceedings generally, and where they are brought to enforce the payment of alimony in default they must be instituted by an order requiring the husband to show cause, before the court at a time and place therein specified, why he should not be punished for his failure to make the payments due, and thereupon proceedings must be taken to punish him as prescribed in said *528 article 19. (Civ. Prae. Act, § 1172.) Such an order to show cause must contain directions as to the manner of service, the person upon whom service is to be made and the date by which it must be made.
While an order to show cause may be granted on a Sunday by a Justice acting out of court, since there is no provision in any statute in this State forbidding him to do so (Matter of Banko v. Weber, 9 A D 2d 720, affd. 7 N Y 2d 758), and section 5 of the Judiciary Law does not prevent the granting on Sunday “ of an injunction order by a justice of the supreme court when in his judgment it is necessary to prevent irremediable injury or the service of a summons with or without a complaint if accompanied by an injunction order and an order of such justice permitting service on that day ”, there is nothing in the Judiciary Law which permits the service of an order to show cause initiating contempt proceedings to be served on a Sunday or which exempts such service from the application of section 2148 of the Penal Law, which is derived from section 268 of the Penal Code. The court is, therefore, of the opinion that the service of such an order on a Sunday reasonably falls within the ambit of section 2148 of the Penal Law which forbids, with certain exceptions not applicable here, “ All service of legal process, of any kind whatever ” on Sunday (emphasis supplied).
While it is true that a motion to punish the husband for contempt for nonpayment of alimony provided for in a matrimonial judgment, is a motion in the action and not a special proceeding (Judiciary Law, § 761; Karpf v. Karpf, 260 App. Div. 701), it is, in this court’s opinion, “ legal process ” within the meaning of section 2148 of the Penal Law. The term “ legal, process ” in its broadest sense is equivalent to procedure and embraces any form of order, writ, summons or notice given by authority of law for the purpose of acquiring jurisdiction of a person or bringing him into court to answer (72 C. J. S., Process, §§ 1, 2, pp. 981-991). An order to show cause initiating contempt proceedings for failure to pay alimony is an order by which a defaulting husband is brought into court to answer ‘ why he should not be punished for his failure to make the payment” (Civ. Prac. Act, § 1172). It falls within the ambit of the language of section 2148 of the Penal Law prohibiting, with certain exceptions not here pertinent, the service on Sunday of “ legal process, of any kind whatever ”.
In Scott Shoe Mach. Co. v. Dancel (63 App. Div. 172, 173) the court said: “ At common law Sunday is dies non juridicus. Process in a civil action can neither be issued, served, or a return made on that day. (Van Vechten v. Paddock, 12 Johns. 178.) ”
*529 In Cereal Prods. Co. v. Delaware, Lackawanna & Western R. R. Co. (198 App. Div. 580, 581-583) it was held: “ The Legislature of this State left the status of Sunday a sanctified holiday as it existed at common law * * *. In Brunnett v. Clark (1 Sheld. 500), Smith, J., said: ‘ The observance of Sunday, and abstinence from secular pursuits on that day, was enforced by law in England, from the earliest times, even before the Norman conquest. In this State, while yet a colony, statutes were enacted for the same purpose, and they have always been in force since the formation of our State government. Similar statutes exist in most, if not in all, of the States of the Union, and thus throughout the land, Sunday, originally established as a day of rest and religious worship, has become a civil institution, to be observed by courts, public officers, and private citizens, as prescribed by the statutes.’ In Lindenmuller v. People (33 Barb. 568), in discussing the status of Sunday, the court said: ‘ With us, the Sabbath as a civil institution is older than the government. The framers of the first Constitution found it in existence; they recognized it in their acts and they did not abolish it, or alter it, or lessen its sanctions or the obligations of the people to observe it. * * * It is a law of our nature that one day in seven must be observed as a day of relaxation and refreshment, if not for public worship. Experience has shown that the observance of one day in seven as a day of rest “ is of admirable service to a State, considered merely as a civil institution.” (4 Bl. Com. 63). * * * The Christian Sabbath is, then, one of the civil institutions of the State, and to which the business and duties of life are, by the common law, made to conform and adapt themselves.’ ”.
Accordingly, the defendant’s motion to vacate the service of the order to show cause herein on Sunday, April 16, 1961, is granted.