No. 52,233

Robbins-Leavenworth Floor Covering, Inc., *Plaintiff-Appellee,* v. Leavenworth National Bank and Trust Co., *Defendant-Appellee,* and County of Leavenworth, Kansas, *Defendant-Appellant.*

(625 P.2d 494)

Opinion filed March 25, 1981.

*Michael Crow,* of Leavenworth, argued the cause and was on the brief for plaintiff-appellee Robbins-Leavenworth Floor Covering, Inc.

*H. Lee McGuire, Jr.,* of Davis, Davis, McGuire & Thompson, Chartered, of Leavenworth, argued the cause and was on the brief for the defendant-appellee Leavenworth National Bank and Trust Company.

*Patrick J. Reardon,* county attorney, argued the cause and was on the brief for defendant-appellant County of Leavenworth.

*Charles N. Henson* and *John H. Wachter* of Edison, Lewis, Porter & Haynes, of Topeka, were on the brief *amicus curiae,* the Kansas Bankers Association.

The opinion of the court was delivered by

Herd, J.: Plaintiff-appellee Robbins-Leavenworth Floor Covering filed a declaratory judgment action against defendant-appellee Leavenworth National Bank and Trust Company and defendant-appellant Board of County Commissioners of Leavenworth County. Plaintiff prayed for judgment requiring the county to issue license tags to Robbins for three motor vehicles without first requiring the bank to pay the property taxes. The trial court held in favor of Robbins and ordered the county to issue license tags to the vehicles. The county appeals.

The facts are undisputed. The bank held a security agreement on three vehicles belonging to Leavenworth Floor Covering, Inc. (No relation to plaintiff.) Leavenworth Floor Covering defaulted on its note. On August 10, 1978, the bank gave official notice of

default and Leavenworth Floor Covering voluntarily surrendered possession of the collateral to the bank, waiving notice of subsequent proceedings. The bank held a private foreclosure sale in September, 1978, in compliance with the provisions of K.S.A. 1980 Supp. 84-9-504, and sold all three vehicles to the plaintiff, Robbins-Leavenworth Floor Covering, Inc. for $4,253.63 in excess of the amount owed on the note. The bank remitted the excess to Leavenworth Floor Covering, ignoring the tax question. The certificates of title to the motor vehicles were not executed or delivered until January, 1979.

The 1978 personal property tax assessment of Leavenworth Floor Covering, Inc. included the three motor vehicles. The 1978 taxes on the vehicles amounted to $1,409.86 plus 10% interest from December 20, 1978. When Robbins went to the Leavenworth County Treasurer to register and purchase tags for the vehicles, a claim was asserted for the delinquent taxes and registration and tags were refused. This suit followed.

The question presented is whether K.S.A. 79-2109 or 79-2110 imposed a tax lien on the personal property which is the subject of this lawsuit. Additionally, the county alleges the bank is liable for the taxes pursuant to K.S.A. 79-2111.

Let us first examine the general nature of the imposition and collection of taxes. It is uniformly recognized that the power to levy taxes is inherent in the power to govern but the exercise of that power is dependent upon the existence of legislation designating the kinds of property to be taxed. The authority to impose taxes rests upon legislation. Nothing is taxable unless clearly within a taxing statute. 71 Am. Jur. 2d, State and Local Taxation § 192, p. 512. See *Shriver v. Board of County Commissioners,* 189 Kan. 548, 370 P.2d 124 (1962); *Kucera v. State,* 160 Kan. 624, 164 P.2d 115 (1945); *Sherman County Comm'rs v. Alden,* 158 Kan. 487, 148 P.2d 509 (1944); K.S.A. 79-101.

By the same token, taxes are not a lien upon the property against which they are assessed except by specific statutory authority, particularly prior to the date the taxes are due. Statutes creating tax liens are strictly construed in favor of the taxpayer. Real estate and personal property, although subject to the same requirements of uniformity and equality in assessment and taxation, are subject to different methods of collection due to the nature and character of each. K.S.A. 79-1804 provides all property

taxes are due November 1 of each year and further provides:

"A lien for all taxes shall attach to the real property subject to the same on the first day of November in the year in which such tax is levied, and such lien shall continue until such taxes . . . shall be paid . . . ."

This statute creates a lien on real estate for taxes assessed thereon after the taxes become due. The lien is an interest in the property, and attaches to and remains with the property until paid. Each parcel of land stands good for its own taxes. There is no comparable provision for personal property for very practical reasons. Personal property is transitory. The expense and impracticability of looking to each article of personal property for the taxes assessed thereon necessitates a different taxing scheme. As a result, the tax assessed upon personal property may properly be made a charge upon other personal property of the owner through the use of a tax warrant enforceable by execution upon all property of the taxpayer. If the warrant is returned unsatisfied, the total amount owed is entered on the judgment docket and thereby becomes a lien against any real estate of the owner. It provides no lien against personal property.

The difficulties attendant to the collection of personal property taxes have given rise to various statutory techniques. K.S.A. 79-319 provides if, after assessment and before the taxes are paid, an owner threatens to remove all his property from a county without leaving sufficient property to pay the taxes, those taxes become immediately due and can be collected by the issuance of a tax warrant. K.S.A. 1980 Supp. 79-2004a provides the dates for payment of personal property taxes, for penalty and interest for failure to pay, but it establishes no liens for nonpayment of taxes.

The only statutes which create liens against the owner's personal property are K.S.A. 79-2109 and K.S.A. 79-2110. K.S.A. 79-2109 provides:

"If any owner of personal property after the date as of which personal property is assessed and before the tax thereon is paid, shall sell all of a class of the same to any one person, the tax for that year shall be a lien upon the property so sold, and shall at once become due and payable, and the county treasurer shall at once issue a tax warrant for the collection thereof, and the sheriff shall forthwith collect it as in other cases. The property so sold shall be liable in the hands of the purchaser for such tax, but in the event that a purchaser shall pay the tax or any part thereof or, if said property be seized and sold for such tax the seller thereof shall be civilly liable to the purchaser for the amount of the taxes the purchaser has paid or the amount of taxes due on the property so seized; but if the property be sold in the

ordinary course of retail trade it shall not be so liable in the hands of the purchasers."

The statute clearly provides if the *owner* sells all of a class of property, after assessment but before payment, to any one person, the taxes are immediately due and become a lien on the property and are collectable from the purchaser, who has a claim against the owner. The statute further provides if the property is seized and sold for taxes the purchaser has a claim against the owner for the taxes. The statute does not establish a tax lien in this case because under the statute, the sale must be made by one who is the owner of the property at the time of assessment. Leavenworth Floor Covering Inc., was the owner at the time of assessment and the bank was the seller pursuant to K.S.A. 84-9-503. K.S.A. 79-2109 does not govern the sale of personal property in this case.

K.S.A. 79-2110 provides:

"If any person in this state, after his or her personal property is assessed and before the tax thereon is paid, shall sell all of the same to any one person, and not retain sufficient to pay the taxes thereon, the tax for that year shall be a lien upon the property so sold, and shall at once become due and payable, and the county treasurer shall at once issue a tax warrant for the collection thereof, and the sheriff shall forthwith collect it as in other cases. The one owing such tax shall be civilly liable to any purchaser of such property for any taxes he or she owes thereon, but the property so purchased shall be liable in the hands of the purchaser or purchasers for such tax: *Provided, however,* If the property be sold in the ordinary course of retail trade it shall not be so liable in the hands of the purchasers: *Provided further,* That no personal property which has been transferred in any manner after it has been assessed shall be liable for the tax in the hands of the transferee after the expiration of three years from the time such tax become originally due and payable."

This statute is the immediate successor to R.S. 1923, 79-317, which was substantially the same. The former provision was interpreted to apply to bulk sales of personal property. *Andrews v. Hunter,* 122 Kan. 325, 251 Pac. 1106 (1927); *Lumber Co. v. Chandler,* 90 Kan. 561, 135 Pac. 601 (1913); *Witschy v. Seaman,* 83 Kan. 634, 112 Pac. 739 (1911). K.S.A. 79-2110 does not apply to the facts in this case. There was no bulk sale.

Finally, appellant argues the bank obtained possession of the three vehicles pursuant to K.S.A. 79-2111, which provides:

"If the personal property of any taxpayer be seized by any legal process and if the taxpayer does not have a sufficient amount of other property to pay the taxes which is exempt from levy and sale under such legal process, then the taxes on the personal property of such taxpayer shall at once fall due, and be paid from the

proceeds of the sale of the property so taken on such legal process, in preference to all other claims against it.

The county claims the personal property was seized by legal process and the taxes should be paid from the proceeds of the sale of the vehicles. The bank argues K.S.A. 79-2111 does not apply because legal process was not used to obtain possession of the vehicles. The bank claims it took possession of the vehicles pursuant to K.S.A. 84-9-503 which provides a secured party "may proceed without judicial process if this can be done without breach of the peace . . . ." It is undisputed that the former owners of the vehicles in question acknowledged default and voluntarily surrendered the property to the bank. The question then becomes: Did the bank acquire possession as a result of seizure by legal process?

Seizure is defined in Black's Law Dictionary 1219 (5th ed. 1979) as:

"The act of taking possession of property, *e.g.,* for a violation of law or by virtue of an execution. Term implies a taking or removal of something from the possession, actual or constructive, of another person or persons. [Citation omitted.]

"The act performed by an officer of the law, under the authority and exigence of a writ, in taking into the custody of the law the property, real or personal, of a person against whom the judgment of a competent court has passed . . . . Or the act of taking possession of goods in consequence of a violation of public law."

A voluntary surrender of property does not comport with the concept of a seizure, which implies a forcible taking under authority of law. More important, however, is our interpretation of "legal process." The term legal process is to be given its "ordinary and commonly accepted meaning." *Campbell v. Goode,* 172 Va. 463, 466, 2 S.E.2d 456 (1939).

In *State v. Wagoner,* 123 Kan. 586, 588, 256 Pac. 959 (1927), this court was asked to construe the phrase "legal process" as it appeared in R.S. 1923, 21-431. The court stated:

"Process . . . means a warrant, writ, order, mandate, or other formal writing, issued by some court, body, or official having authority to issue process, and legal process means process not merely fair on its face, but in fact valid."

Various jurisdictions have defined legal process and the term is generally used to describe proceedings begun by a writ, warrant, summons, order or mandate; proceedings which invoke the aid of judicial process or decree. See *Berger v. C.I.R.,* 404 F.2d 668 (3d

Cir. 1968); *State v. Fields,* 85 Wash. 2d 126, 530 P.2d 284 (1975); *Cutler v. Cutler,* 28 Misc. 2d 526, 217 N.Y.S.2d 185 (1961); *Campbell v. Goode,* 172 Va. 463; *Laub et al. v. State,* 49 Okla. Crim. 171, 292 Pac. 891 (1930); *Loy v. Home Ins. Co.,* 24 Minn. 315, 31 Am. Rep. 346 (1877); 72 C.J.S., Process § 1. Although some courts have broadened the term to include all steps and proceedings taken pursuant to valid law (*Mobley v. Jackson,* 40 Ga. App. 761, 151 S.E. 522 [1930]; *Cooley v. Davis,* 34 Iowa 128 [1871]), we believe the term "legal process" cannot include proceedings "carried on wholly outside of court . . . without the aid of its process or decree." *Loy v. Home Ins. Co.,* 24 Minn. at 319.

We find, therefore, that taking possession of collateral that is voluntarily surrendered is a procedure independent of legal process, and K.S.A. 79-2111 is inapplicable. Possession of the vehicles was accomplished without the aid of judicial process, pursuant to K.S.A. 84-9-503.

We hold the three motor vehicles are not subject to a lien for taxes. The judgment of the trial court is affirmed.