**In re WHITE HAT FEED, INC. Debtor.**

**Bankruptcy No. 85–11809.**

United States Bankruptcy Court,
D. Kansas.

Dec. 9, 1986.

Lynn D. Allison, Wichita, Kan., for debtor.

Christopher J. Redmond, Redmond, Redmond, O'Brien & Nazar, Wichita, Kan., pro se.

Kenneth G. Gale, Matlack & Foote, Wichita, Kan., for Marion County Bd. of County Com'rs.

John W. Jordan, Learned and Jordan, P.A., Wichita, Kan., for Northwestern Nat'l Life Ins. Co.

James L. Hargrove, McKay, McKay & Hargrove, El Dorado, Kan., for First Nat'l Bank & Trust Co. of El Dorado.

Robin Moore, Asst. U.S. Atty., Wichita, Kan., for Small Business Admin.

Tim Connell, Connell & Connell, El Dorado, Kan., for Burns State Bank.

## MEMORANDUM AND ORDER ON DECISION BY THE COURT

BENJAMIN E. FRANKLIN, Chief Judge.

The instant proceeding comes before the Court upon the trustee's Application to Disburse Proceeds of Sale and the objection thereto by the Marion County Board of County Commissioners.

On February 18, 1985, the trustee filed an Application to Disburse Proceeds of Sale. Three objections were filed in response to the trustee's application. Two of the objections, one by the Burns State Bank and the other by Northwestern National Life Insurance Company, have subsequently been resolved. *See* File Documents, Nos. 45 and 52 and 47 and 64. The only issue remaining is the objection of the Marion County Board of County Commissioners, hereinafter referred to as "the Board", and the responses in opposition to the Board's objection, filed by Northwestern National Life, the First National Bank & Trust Company of El Dorado and the Small Business Administration, hereinafter referred to as respondents.

The Board objects to the trustee's proposed distribution of proceeds, claiming that pursuant to either K.S.A. 79-2109 or K.S.A. 79-2111, the Board is entitled to be paid, before distribution to secured creditors, for past due personal property taxes. The Board cites as authority for its position

*Palmer v. First National Bank of Kingman,* 10 Kan.App.2d 84, 692 P.2d 386 (1984).

Respondents cite *Robbins-Leavenworth Floor Covering, Inc. v. Leavenworth National Bank & Trust,* 229 Kan. 511, 625 P.2d 494 (1981) for the proposition that neither statute applies to the instant situation.

K.S.A. 79-2109 provides in part:

If any owner of personal property after the date as of which personal property is assessed and before the tax thereon is paid, shall sell all of a class of the same to any one person, the tax for that year shall be a lien upon the property so sold, and shall at once become due and payable. . . .

*Id.* Under K.S.A. 79-2109 the seller of the property must also be the owner of the property at the time of assessment. Both *Palmer* and *Robbins* agree on this point. Here, the debtor was the owner of the property at the time of assessment. Upon the filing of the petition the debtor's property passed to the estate and the subject property was sold by the trustee. Thus, the owner of the property at the time of assessment was not also the seller and K.S.A. 79-2109 is rendered inapplicable.

K.S.A. 79-2111 provides in part:

If the personal property of any taxpayer be seized by any legal process and if the taxpayer does not have a sufficient amount of other property to pay the taxes which is exempt from levy and sale under such legal process, then the taxes on the personal property of such taxpayer shall at once fall due, and be paid from the proceeds of the sale of the property so taken on such legal process, in preference to all other claims against it.

*Id.* This statute provides for a claim against the proceeds of personal property of a tax debtor sold after *seizure by any legal process.*

The first case to address the interpretation of the above underlined phrase was *Robbins, supra.* In *Robbins* the former

owners of the subject vehicles, after acknowledging default, voluntarily surrendered the property to the bank. The bank held a foreclosure sale in compliance with the applicable Kansas statutes, and the vehicles were sold to Robbins-Leavenworth Floor Covering, Inc. When Robbins attempted to obtain certificates of title for the vehicles the County refused unless Robbins or the bank paid the delinquent taxes. The County alleged that Robbins was liable pursuant to K.S.A. 79–2109 and that the bank was liable pursuant to K.S.A. 79–2111. Regarding the latter statute, the court addressed the question thus, "Did the bank [the seller of the vehicles] acquire possession as a result of seizure by legal process?"

The court, drawing from Black's Law Dictionary 1219 (5th ed. 1979), defined seizure as:

> The act of taking possession of property, *e.g.*, for a violation of law or by virtue of an execution. Term implies a taking or removal of something from the possession, actual or constructive, of another person or persons. [Citation omitted.] The act performed by an officer of the law, under the authority and exigence of a writ, in taking into custody of the law the property, real or personal, of a person against whom the judgment of a competent court has passed.... Or the act of taking possession of goods in consequence of a violation of public law.

*Robbins*, 229 Kan. at 515, 625 P.2d 494. The court held that the "voluntary surrender of property does not comport with the concept of a seizure, which implies a forcible taking under authority of law". *Id.*

The court further held that the phrase "legal process" is to be given its "ordinary and commonly accepted meaning". The court noted that the phrase has been given different meanings in various jurisdictions and generally used to describe proceedings begun by writ, warrant, summons, order or mandate; proceedings which invoke the aid of judicial process or decree. The court declined to follow those jurisdictions broadening the term to include all steps taken pursuant to valid law. The court stated, "... we believe the term 'legal process' cannot include proceedings 'carried on wholly outside of court ... without the aid of its process or decree.'" *Id.* at 516, 625 P.2d 494. The court thus found K.S.A. 79–2111 inapplicable where possession of collateral is voluntarily surrendered.

The Kansas appellate court in *Palmer, supra*, found that a voluntary petition for bankruptcy, the assumption of ownership by the estate and the authorization of the bankruptcy court giving the second creditor immediate possession with right to sell constituted "legal process" as that phrase was defined by the Supreme Court in *Robbins*. In the bankruptcy case which eventually led to the *Palmer* decision, the bankruptcy court found that the secured party/bank had a valid security interest in the property and in essence foreclosed that interest. The property was turned over to the bank, and the property was sold by the bank. The appellate court found that the bank, as seller of the property, acquired possession of the property as a result of seizure by legal process, and found the bank liable under K.S.A. 79–2111 for payment of the delinquent taxes.

■ Federal courts are bound by a state court's interpretation of its own statutes, but only if the interpretation is made by the highest court of the state, *see King v. Order of Travelers*, 333 U.S. 153, 160–161, 68 S.Ct. 488, 492, 92 L.Ed. 608 (1948). However, state appellate court decisions are not to be disregarded unless the federal court is convinced that the highest court of the state would decide otherwise. *See Walnut Valley State Bank v. Coots*, 60 B.R. 834 (D.Kan.1986) (Crow, J.), and authority cited therein. This Court declines to follow the *Palmer* decision as it is persuaded that the Kansas Supreme Court would decide differently.

The court in *Palmer* only addressed the definition of "legal process". It did not address the issue of whether the bankruptcy process is a "seizure" within the meaning of the statute. The question is: Did the trustee as seller of the property acquire

the property as a result of seizure by legal process? The answer can only be: No. The debtor's petition in bankruptcy was, in essence, a voluntary surrender of the collateral. Here, instead of a voluntary surrender directly to the secured creditor as in *Robbins*, the debtor voluntarily surrendered the property to the trustee with full knowledge that the property would in turn be voluntarily distributed either in cash or kind, among the various secured or unsecured creditors, whichever the case may be. Indeed the policy behind the bankruptcy process is that the debtor is entitled to a "fresh start" in exchange for the voluntary surrender of all non-exempt property which is to be used as far as possible for the satisfaction of creditor's claims.

In other words, neither the trustee nor the bank in *Robbins*, used legal process to seize possession of the debtor's property. Both peaceably assumed possession of the property that each eventually sold. Therefore, the Court finds that K.S.A. 79–2111 is not applicable in the instant case, and the Board's objection is overruled. The Court notes that the Board is certainly not foreclosed from collecting on its claim as a priority tax claim against the estate pursuant to § 507(a)(7)(B), assuming it has timely filed a proof of claim. Whether or not the County has filed a proof of claim, the tax debt is not discharged since the debtor is a corporation and thus, not entitled to a discharge of any of its debts. *See* § 727(a)(1).

IT IS, THEREFORE, BY THE COURT ORDERED that the Board's objection to the trustee's application to disburse the proceeds of sale be and the same is hereby overruled.