In re KNIGHTS ATHLETIC GOODS, INC., Debtor.

BOARD OF COUNTY COMMISSIONERS OF SALINE COUNTY, KANSAS, Plaintiff,

v.

KNIGHTS ATHLETIC GOODS, INC., Defendant.

Bankruptcy No. 87–11122.
Civ. No. 88–1537–K.

United States District Court, D. Kansas.

March 23, 1989.

Daniel K. Diederich, Salina, Kan., for debtor.

William B. Sorensen, Jr., Morris, Laing, Evans, Brock & Kennedy, Wichita, Kan., trustee of Bankruptcy Estate of Knights Athletic Goods, Inc.

Kim I. Martin, Asst. U.S. Atty., Wichita, Kan.

Michael A. Montoya, Achterberg & Neustrom, Salina, Kan., for Board of County Com'rs.

Patricia A. Reeder, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for Kansas Bankers Ass'n, amicus curiae.

Steven R. Wiechman, Topeka, Kan., for Kansas Ass'n of Counties.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This is an appeal by the Board of County Commissioners of Saline County ("County") from an order of the bankruptcy court overruling the County's objection to the disbursement of proceeds from the sale of personal property of the debtor. The County contends the bankruptcy court erred when it held the County's claim for unpaid property tax did not have priority over the prior perfected security interest of the Small Business Administration.

The court heard oral argument on this appeal on January 11, 1989, and reserved ruling at that time. After reviewing the briefs and arguments made by counsel for the parties, as well as *amicus curiae* briefs filed by the Kansas Association of Counties and the Kansas Bankers Association, the court is now prepared to rule.

In reviewing the findings of the bankruptcy court, this court may set aside findings of fact only if they are clearly erroneous. Conclusions of law, however, are subject to *de novo* review. *In re Blehm Land & Cattle Co.*, 859 F.2d 137 (10th Cir.1988); *In re Herd*, 840 F.2d 757, 759 (10th Cir. 1988).

The relevant facts are not in dispute. On March 20, 1980, the debtor, Knights Athletic Goods, Inc., executed a promissory note in the amount of $250,000.00 to Planters State Bank and Trust Company ("Planters"). Simultaneously, the debtor executed a security interest to Planters covering its current and after-acquired business machinery, equipment, furnishings, furniture, inventory, contract rights, accounts receivable and general intangibles. Planters perfected the security interest on the same date by filing a financing statement with the Secretary of State.

The debtor subsequently became delinquent in the payment of personal property taxes to the county for taxes assessed January 1, 1985 and January 1, 1986. The total personal property tax due is $7,018.68.

On February 27, 1986, the security agreement and financing statement were assigned to the Small Business Administration ("SBA").

Debtor filed a Chapter 7 Petition in Bankruptcy on April 22, 1987. The County filed a proof of claim in the bankruptcy proceedings on July 2, 1987.

Pursuant to an order of the bankruptcy court entered May 27, 1987, which authorized the sale of personal property on limited notice, the trustee sold the retail inventory, furnishings and equipment of the debtor for the aggregate sum of $14,-340.50. The trustee filed a motion for authorization to disburse funds on September 21, 1987.

On October 10, 1987, the County objected to the disbursement of proceeds, claiming that the County was entitled to priority on its claim of $7,018.68 for personal property taxes due.

The bankruptcy court overruled the County's objection on August 31, 1988. The County appeals from that order.

The issue on appeal is whether Kansas law grants a priority to the County to the extent of the personal property tax due and thus subordinates, pursuant to 15 U.S.C. § 646, the SBA's security interest by the amount of the taxes due. This is a legal question subject to *de novo* review by this court.

The parties agree that 15 U.S.C. § 646, which requires a reference to applicable state law, controls this action. That statute provides:

> Any interest held by the [Small Business] Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, **under applicable State law**, be superior to such interest if such interest were held by any party other than the United States.

(Emphasis added.)

Thus, the bankruptcy court, and this court upon review, must look to state law to determine whether the County's claim has priority over the SBA's security interest.

■ The focus of the court's review is K.S.A. 79–2020 (1988 Supp.). That statute provides:

> If any owner of personal property **surrenders or transfers** such property to another after the date such property is assessed and before the tax thereon is paid, whether by voluntary repossession or any other voluntary act in reduction or satisfaction of indebtedness, then the taxes on the personal property of such taxpayer shall fall due immediately, and a lien shall attach to the property so surrendered or transferred, and shall become due and payable immediately. Such lien shall be in preference to all other claims against such property....

By its terms, K.S.A. 79–2020 (1988 Supp.) creates a lien on personal property for unpaid taxes assessed prior to the owner's **surrender or transfer** of the property to another. Once that lien is created, it subordinates all other claims.

The SBA argues, and the bankruptcy court held, that the filing of a Chapter 7 bankruptcy petition by the owner of personal property does not constitute a "surrender or transfer" of property to the bankruptcy trustee. While the bankruptcy court recognized that upon the filing of bankruptcy the property of the debtor passes to the estate by operation of law and the trustee in bankruptcy succeeds to all legal and equitable interests of the debtor, the court nevertheless held that no "surrender or transfer" occurs because the trustee does not take title to the assets.

The County contends, however, that the fact that the trustee does not actually take title to the property is of no consequence since at the time the debtor filed bankruptcy it "surrendered" all of its right, title and interest in the property to the bankruptcy estate, thereby giving the trustee the authority to dispose of the property of the estate. The County reasons that it is this surrender of property by the "owner" which brings the bankruptcy filing within the operation of K.S.A. 79–2020.

The SBA points out, however, that K.S.A. 79–2020 was enacted in response to the Kansas Supreme Court's ruling in *Rob-bins–Leavenworth Floor Covering, Inc. v. Leavenworth National Bank & Trust Co.,* 229 Kan. 511, 625 P.2d 494 (1981), and reasons the statute's application must therefore be limited to the situation before the court in that case.

In *Robbins,* the owner of three vehicles which were subject to a security agreement held by the defendant bank voluntarily surrendered possession of the vehicles to the bank. The bank subsequently sold all three vehicles to the plaintiff without paying the delinquent personal property taxes on the vehicles. Thus, when the new owner attempted to register and purchase tags for the vehicles, the county asserted a claim for the delinquent taxes and refused to issue the tags. The county argued that at the time the property was surrendered to the creditor, a lien attached to the property, securing the payment of the unpaid personal property taxes.

The Kansas Supreme Court, in *Robbins,* first reviewed K.S.A. 79–2109 and 79–2110, two statutes existing at that time which created liens against the owner's personal property for unpaid taxes, and determined that neither of these statutes applied to the facts before the court. The court reasoned that 79–2109 and 79–2110 applied only to sales of personal property **by the debtor,** and not to situations in which the owner transfers the property to a creditor and the creditor in turn sells the property to a third party. The court also considered the potential application of K.S.A. 79–2111, which provides for the attachment of a tax lien to personal property when the property is seized by legal process. In determining that this statute also did not apply, the court held, "a voluntary surrender of property does not comport with the concept of a seizure." 229 Kan. at 515, 625 P.2d 494.

■ Thus, with the enactment of K.S.A. 79–2020 in 1985, the legislature responded to the "tax loophole" recognized by the Kansas Supreme Court in *Robbins* by providing for the attachment of a tax lien on personal property when the owner voluntarily "surrenders or transfers such property to another." The court cannot agree, however, that 79–2020 is applicable only in

**556**

the case where the owner voluntarily relinquishes property to a creditor which in turn sells the property to a third party.

Rather, the court finds that the language of K.S.A. 79–2020 is broad enough to encompass the situation presented here—i.e., where the debtor files bankruptcy, thereby "surrendering" or "transferring" all of his assets to the bankruptcy estate. This holding is supported by the provisions of the Bankruptcy Code itself. 11 U.S.C. § 541 provides that the commencement of a case "creates an estate." The bankruptcy estate is comprised of all legal and equitable interests of the debtor in property at the time of the commencement of the case. While title does not vest in the trustee under the code, the trustee is given full authority to represent the estate and to dispose of all property which comprises the estate under § 541. 4 COLLIER ON BANKRUPTCY ¶ 541.02, pp. 541–14, 541–15 (L. King, 15th ed. 1988).

While it represents dicta, the court's analysis is also aided by the language of the bankruptcy court in *In re White Hat Feed, Inc.*, 67 B.R. 851 (Bankr.D.Kan.1986). The issue in *White Hat*, as in the instant case, was whether the filing of a bankruptcy petition creates a lien on property for unpaid personal property taxes. Although K.S.A. 79–2020 had been adopted and was in effect at the time of the *White Hat* decision, the court was not asked to decide the applicability of that statute. Rather, the County argued that a lien attached to the property pursuant to K.S.A. 79–2109 or 79–2111.

Relying on *Robbins*, the bankruptcy court in *White Hat* held that 79–2109 was inapplicable, because it requires that the seller of the property also be the owner of the property. In holding that 79–2111 was inapplicable, the court reasoned as follows:

The question is: Did the trustee as seller of the property acquire the property as a result of seizure by legal process? The answer can only be: No. **The debtor's petition in bankruptcy was, in essence, a voluntary surrender of the collateral.** Here, instead of a voluntary surrender directly to the secured creditor as in *Rob-*

*bins,* **the debtor voluntarily surrendered the property to the trustee with full knowledge that the property would in turn be voluntarily distributed either in cash or in kind,** among the various secured or unsecured creditors, whichever the case may be. Indeed, the policy behind the bankruptcy process is that the debtor is entitled to a "fresh start" in exchange for the voluntary surrender of all non-exempt property which is to be used as far as possible for the satisfaction of creditor's claims.

67 Bankr. at 854–55.

The language utilized by the court in *White Hat,* though dicta, is relevant because of its concise description of the policy behind the bankruptcy process and its repeated use of the term "surrender" to describe the action taken by the debtor upon the filing of the bankruptcy petition.

Thus, in the instant case, the "owner" of the property, by filing its petition in bankruptcy, voluntarily "surrendered" its property to "another" [the trustee], thereby authorizing the trustee to sell or otherwise dispose of the property. At the time the property was "surrendered," the property tax had been assessed, but was unpaid. The court therefore finds the facts presented herein clearly fit within the terms of K.S.A. 79–2020, and that upon the filing of the bankruptcy petition, a lien attached to the property for the unpaid taxes. Pursuant to the statute, the County's lien had preference over all other claims against the property, including the perfected security interest of the SBA.

IT IS ACCORDINGLY ORDERED this 22 day of March, 1989, that the bankruptcy court's order overruling the County's objection to the disbursement of proceeds from the sale of the personal property of the debtor is reversed.