The Honorable Tom Bradley State Representative, 52nd District 5908 S.W. Clarion Lane Topeka, Kansas 66610
Dear Representative Bradley:
You request our opinion regarding the provisions of K.S.A. 1994 Supp. 79-2017 and 79-2101, and specifically the time at which the judgment and lien for uncollected delinquent personal property taxes become effective. You inquire whether it is at the time of filing the abstract of unpaid taxes with the clerk of the district court, or when the clerk enters the amount of unpaid taxes in the appearance docket and notes the entry in the general index that the judgment and lien take effect. The issue arises and becomes important if the clerk of the district court does not make the required entries upon receiving the abstract. You indicate that in some instances clerks wait until the county attorney or counselor seeks to collect on the judgment, which may be up to a year or more after the date the abstract is filed.
K.S.A. 1994 Supp. 79-2017 and 79-2101 both provide in pertinent part as follows:
 "If [the sheriff's] return shows that such tax has not been collected, then the county treasurer shall file
with the clerk of the district court of the treasurer's county an abstract of the total amount of unpaid taxes and interest due plus penalties and costs. The clerk shall enter the total amount of the unpaid taxes in the appearance docket and note the entry in the general index. No fee shall be charged for either such entry. The total amount shall become a judgment in the same manner and to the same extent as any other judgment under the code of civil procedure and shall become a lien on real estate from and after the time of the filing thereof. A transcript of the judgment may be filed with the clerk of the district court in any other county and when the judgment is entered in the manner provided above, the judgment shall become a lien upon real estate located in such county in the same manner as is provided in case of other judgments. . . ." (Emphasis added.)
In interpreting the provisions of these statutes, we are mindful of rules of construction for tax statutes and statutory liens. "The methods prescribed for the recovery of delinquent taxes are wholly statutory, no methods exist apart from the statute, and whatever procedures and remedies are available are to be found in the tax statutes." Riggan v. Director of Revenue, 203 Kan. 129, syl. para. 2 (1960), cited by Bank of Kansas v. Davison,253 Kan. 780, 787 (1993). Furthermore, "[t]he validity of a lien created by statute depends upon complying with the terms of the statute."Homestead Land Title Co. v. United States, 249 Kan. 569, 576
(1991). "Statutes creating tax liens are strictly construed in favor of the taxpayer." Robbins-Leavenworth Floor Covering, Inc.v. Leavenworth National Bank Trust Co., 229 Kan. 511, 512
(1981).
The statutes in question provide that the total amount of taxes, etc. becomes a judgment in the county in which the abstract is filed in the same manner as judgments under the code of civil procedure. Under the code, a judgment becomes effective when a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. K.S.A. 60-258. See also Davisv. City of Leavenworth, 243 Kan. 522, 523 (1988); State v. Dubish,234 Kan. 708, 714 (1984). Entry by the clerk in the appearance docket or general index is not the triggering mechanism. In reEstate of Penn, 216 Kan. 153, 155 (1975) (a journal entry of judgment is not the judgment itself but merely a ministerial act of recording the judgment rendered); Kinkel v. Chase,102 Kan. 275, syl. para. 1 (1918) (the omission of the clerk to perform the ministerial duty of recording a judgment does not destroy the judgment, nor does its validity or effect remain in abeyance until it is formally entered on the journal); Carnation Co. v. MidstatesMarketers, Inc., 2 Kan. App. 2d 236, 238 (1978). In the case of unpaid personal property taxes, there is no journal entry or judgment form filed by a trial judge. Rather, there is only the filing of an abstract by the county treasurer. Thus, it appears that the filing of the abstract is tantamount to the filing of a journal entry or judgment form. The judgment therefore becomes effective when the abstract is filed with the clerk of the district court, regardless whether it is then entered in the appearance docket or noted in the general index. See also K.S.A.60-2202(a).
K.S.A. 1994 Supp. 79-2017 and 79-2101 further provide that the lien attaches at the time of filing the judgment. Thus, the lien attaches at the time the abstract is filed. [If a transcript of the judgment is filed in another county, it becomes a lien against real estate in the second county when the judgment is entered in that county.]
Having said all this, we note that while the filing of the abstract causes the judgment and lien to become effective as between the parties, there may be situations in which the filing will not be controlling on third parties who have no actual or constructive notice of the tax lien. See In re Estate of Penn,216 Kan. at 158. Whether and when the tax lien is effective as against third parties involves issues of fact and must be determined on a case-by-case basis.
In conclusion, the judgment and lien created by K.S.A. 1994 Supp.79-2017 and 79-2101 become effective as between the parties upon filing the abstract of taxes with the clerk of the district court. The clerk's failure to enter the amount of taxes in the appearance docket or note such in the general index is of no consequence, except potentially as to third parties searching the records.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm