NOT DESIGNATED FOR PUBLICATION

No. 114,002

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY LONGORIA,
*Appellant*,

v.

KANSAS DEPARTMENT OF CORRECTIONS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed May 27, 2016. Affirmed.


*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.


*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, for appellee.


Before HILL, P.J, STANDRIDGE and ATCHESON, JJ.


*Per Curiam*:  Anthony Longoria, an inmate in the Kansas correctional system, appeals the dismissal of a habeas corpus action he filed in Ellsworth County District Court challenging administrative discipline imposed on him for violating prison rules. The district court summarily dismissed his petition for failing to list all civil actions Longoria had filed in the last 5 years and for failing to state facts that, even if undisputed, would entitle Longoria to relief. For the reasons stated below, we affirm the district court's decision to dismiss the petition.


1

FACTS

Longoria is an inmate at Ellsworth Correctional Facility (ECF) in the custody of the Kansas Department of Corrections (KDOC). On September 13, 2014, Corrections Officer E. Sullivan filed a disciplinary report alleging Longoria violated K.A.R. 44-12-901 by possessing dangerous contraband, violated K.A.R. 44-12-903 by possessing tobacco contraband, and violated K.A.R. 44-12-304 by disobeying orders. Sullivan stated the following facts in the disciplinary report:

"On the above date and approximate time[, w]hile I, CSI Sullivan was conducting rounds in A-pod[,] I stopped at cell A-202 and instructed inmate Raulerson, Dalton 108084 to open his cell door. As I started to talk with inmate Longoria, Anthony 88906 who also lives in A-202[] I noticed he kept his right hand on the side of a couple of large books sitting on the desk table. I asked inmate Longoria what he had in his hand and he stated: 'nothing.' After asking him several more times he finally handed me a Pepsi Cola can which had a wrap around it used as smoking [p]araphernalia. Underneath the can is a Vaseline base with what appears to be a small rolled up cigarette with a red colored pop tab covering the cigarette. Inmate Longoria is in violation of 44-12-901(1), Dangerous contraband, Class I. When I asked inmate Longoria what else he had he again said nothing. At that time, I asked him again and he handed me several pages ripped out from a Bible. Inmate is in violation of 44-12-903(3), Tobacco contraband, Class I. I started walking over towards Longoria and he immediately placed something into his mouth. I instructed him to take it out of his mouth and not to swallow it. Inmate Longoria is in violation of 44-12-304(a), Disobeying orders, Class I. At that time, I called for an officer needs assistance and placed [Longoria] into handcuffs. I directed inmate Longoria to open his mouth and at that time he placed his hand up to his mouth and threw a small zip lock baggie onto the chair. After inspecting the baggie I noticed there is a small amount of a black unknown substance. On the desk I also found a little squirt bottle with an unknown substance, I asked inmate Longoria why he spit the baggie out and he stated: 'I couldn't swallow it.' Evidence was tagged and placed into the Temporary Evidence Locker."

2

After an evidentiary hearing on the allegations set forth above, Longoria was found guilty of disobeying an order in violation of K.A.R. 44-12-304(a) and received a sanction of 7 days of segregation (with a credit of 7 days already served) and 15 days of restriction of privileges. Longoria also was found guilty of possessing dangerous contraband in violation of K.A.R. 44-12-901, for which he received a sanction of 7 days in segregation (with a credit of 4 days already served) and 15 days of restricted privileges. The charge alleging Longoria possessed tobacco contraband in violation of K.A.R. 44-12-903 ultimately was dismissed.

After exhausting his administrative remedies, Longoria filed a K.S.A. 2015 Supp. 60-1501 petition with the district court alleging insufficient evidence to support the violations as well as a deprivation of his right to due process and to freely exercise his religion. The district court summarily dismissed the petition for failing to list all civil actions Longoria had filed in the last 5 years and for failing to state a claim but provided no narrative explanation of the ruling.

ANALYSIS

On appeal, Longoria argues the district court erred in summarily dismissing his K.S.A. 2015 Supp. 60-1501 petition because (1) the district court inaccurately found that Longoria had not listed all civil actions filed in the last 5 years as required by K.S.A. 60-1502(3); (2) the evidence presented at the hearing was insufficient to support Longoria's conviction; (3) Longoria was not provided with a fair and impartial disciplinary hearing; and (4) the ECF General Order 09-114 violated Longoria's due process rights on its face. Alternatively, Longoria argues the district court should have liberally construed and analyzed his claim as a civil rights violation pursuant to 42 U.S.C. § 1983 (2012).

*Summary dismissal*

In order to state a claim for relief under K.S.A. 2015 Supp. 60-1501, an inmate appealing from a prison disciplinary sanction must assert the deprivation of some constitutionally protected interest. Otherwise, the petition may be summarily dismissed. *Anderson v. McKune*, 23 Kan. App. 2d 803, 806-07, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997); see *Wolff v. McDonnell*, 418 U.S. 539, 557-58, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). KDOC argues that the disciplinary segregation and the restricted privileges imposed on Longoria as sanctions did not rise to a protected liberty interest required to avoid summary dismissal of a K.S.A. 2015 Supp. 60-1501 petition. KDOC is correct. Our Supreme Court has held that a prisoner has no protected liberty interest in remaining in the general prison population rather than being separated for a time. *Murphy v. Nelson*, 260 Kan. 589, Syl. ¶ 9, 921 P.2d 1225 (1996); see generally *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *McKune*, 23 Kan. App. 2d 803. The Tenth Circuit also has held that punishments of disciplinary segregation for 7 days and restricted privileges for 30 days together do not implicate a recognized liberty interest. *Grossman v. Bruce*, 447 F.3d 801, 806 (10th Cir. 2006).

As for the 1-year visitation suspension stemming from Longoria's attempt to swallow evidence, the Tenth Circuit recently held that restrictions on a prisoner's visitation with family did not infringe on a clearly established liberty interest. See *Cleveland v. Martin*, 590 Fed. Appx. 726, 732 (10th Cir. 2014) (unpublished opinion).

Because Longoria has failed to allege he was deprived of a recognized liberty interest, the district court did not err in summarily dismissing his K.S.A. 2015 Supp. 60-1501 petition. Because summary dismissal is proper, we do not address the enumerated allegations of error in Longoria's brief.

*42 U.S.C. § 1983*

Alternatively, Longoria argues the district court erred by failing to liberally construe his pro se K.S.A. 2015 Supp. 60-1501 petition as a civil action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.

A K.S.A. 2015 Supp. 60-1501 petition may be construed as raising a 42 U.S.C. § 1983 claim when the petitioner argues facts that show (1) the petitioner was engaged in a constitutionally protected activity; (2) the defendant's actions caused the petitioner to suffer an injury sufficient to chill a person of ordinary firmness from pursuing the activity; and (3) the defendant's adverse action was substantially based on the petitioner's exercise of a constitutionally protected right. *Bloom v. Arnold*, 45 Kan. App. 2d 225, Syl. ¶ 8, 248 P.3d 752 (2011); *Grossman v. Werholtz*, No. 105,708, 2011 WL 6385650, at *5 (Kan. App. 2011) (unpublished opinion). The burden is on the party making the claim to designate facts in the record to support the claim. In the absence of such facts, the claim of error fails. In considering a motion to dismiss, the court will assume the truth of the petitioner's factual allegations. *Bloom*, 45 Kan. App. 2d 225, Syl. ¶ 1; *Grossman*, 2011 WL 6385650, at *5-6.

In his K.S.A. 2015 Supp. 60-1501 petition, Longoria alleged that the corrections officer took the following items from his cell at the time of the incident:  5 pages he had torn out from the Bible, a religious candle (the soft drink can), and a squirt bottle allegedly filled with "religious oil." Longoria argues that depriving him of these religious items constitutes a violation of his right to the free exercise of his religion under the First Amendment to the United States Constitution.

Even assuming all of the facts alleged by Longoria in his petition were true, he has failed to allege facts to support any of the three essential elements required to state a claim under 42 U.S.C. § 1983. Specifically, Longoria does not allege that he was engaged

in a constitutionally protected activity, that confiscation of the 5 pages he had torn out from the Bible, the soft drink can, and the squirt bottle caused Longoria to suffer an injury sufficient to chill a person of ordinary firmness from pursuing the constitutionally protected activity or that the act of confiscating the Bible pages, the can, and the bottle was substantially based on Longoria's exercise of a constitutionally protected right. Therefore, the district court did not err when it failed to construe it as such.

Affirmed.