NOT DESIGNATED FOR PUBLICATION

No. 123,600

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MIKE C. MATSON,
*Appellant*,

v.

STATE OF KANSAS, DANIEL SCHNURR, and CAROLYN GRAVES,
*Appellees*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; CAREY L. HIPP, judge. Opinion filed December 23, 2021. Reversed and remanded.

*Mike C. Matson*, appellant pro se.

*Donald E. Anderson II*, of Law Office of Donald E. Anderson II, LLC, of Great Bend, for appellant.

*Fred W. Phelps Jr.*, deputy chief legal counsel, of Kansas Department of Corrections, for appellees.

Before WARNER, P.J., MALONE and BUSER, JJ.

PER CURIAM: After a remand from this court, Mike C. Matson continued to pursue his retaliatory prison transfer claim brought under 42 U.S.C. § 1983 (1996). The Respondents moved for a judgment on the pleadings, arguing that Matson failed to prove that he exhausted his administrative remedies before filing his claim. The district court found that Matson did not exhaust his administrative remedies and granted the Respondents' motion for judgment on the pleadings. On appeal, Matson correctly argues

1

that federal law does not require him to prove that he exhausted administrative remedies in the pleadings. Instead, the burden is on Respondents to show that administrative remedies were available, and that Matson failed to use them. Thus, we once again remand this case for further proceedings on Matson's retaliatory prison transfer claim.

FACTS

Matson filed a civil suit against the warden of the Ellsworth Correctional Facility (ECF) in 2013. In 2014 Matson, while an inmate at ECF, was charged by prison officials with committing lewd acts. Matson was found guilty of the disciplinary violation. While exhausting his administrative remedies in the 2014 disciplinary case, Matson engaged in settlement negotiations with prison officials about the 2013 civil suit. During settlement negotiations, Matson was transferred from ECF to the Hutchinson Correctional Facility (HCF), a maximum-security prison.

In September 2014, Matson filed a pleading which he entitled "Petition for Writ of Habeas Corpus and Civil Rights Complaint Pursuant to K.S.A. 60-1501 and 42 U.S.C. § 1983." The pleading named the State of Kansas and Daniel Schnurr, ECF warden, as Respondents. The K.S.A. 60-1501 claim alleged that the 2014 disciplinary case violated Matson's procedural due process rights, led to an arbitrary conviction, and was based on insufficient evidence. The claim under 42 U.S.C. § 1983 alleged that Matson was denied access to the courts and experienced retaliatory actions by the Kansas Department of Corrections (KDOC) officials because of filing his 2013 civil suit.

The district court summarily dismissed Matson's petition and complaint for failure to state facts entitling him to relief. Matson appealed and this court reversed the district court's dismissal of his 42 U.S.C. § 1983 claim as it related to his transfer to HCF in alleged retaliation for his refusal to dismiss his 2013 civil suit. *Matson v. State*, No. 114,001, 2016 WL 4584824, at *5 (Kan. App. 2016) (unpublished opinion). This court

2

remanded the case "with instructions to reinstate and construe that portion of Matson's 42 U.S.C. § 1983 complaint as a prison transfer retaliation claim." 2016 WL 4584824, at *5.

On remand, the Respondents filed a motion to dismiss and a motion for judgment on the pleadings. The motion to dismiss argued that Matson's claim was barred by the applicable statute of limitations. The motion for judgment on the pleadings argued that Matson failed to exhaust the administrative remedies available to his prison transfer.

Matson filed an amended petition for money damages and declaratory judgment. The amended petition named Carolyn Graves, classification administrator at ECF, as another Respondent. Matson also responded to the Respondents' motion to dismiss and motion for judgment on the pleading.

On May 7, 2019, the district court issued a memorandum decision. The district court denied the Respondents' motion to dismiss based on the statute of limitations. As for the motion for judgment on the pleadings, the district court reasoned that Matson needed to exhaust a three-step administrative process for his prison transfer retaliation claim and that he did not do so. As the district court saw it, Matson tried to prove that he exhausted his administrative remedies in his amended petition, but it appeared "that step one and step two of the three step administrative remedy process both occurred prior to his complained of transfer." The district court reasoned that "it is impossible for [Matson] to plead and provide proof of exhaustion of all three steps as required." Thus, the district court granted the Respondents' motion for judgment on the pleadings.

Mason filed several postjudgment motions including a motion to alter or amend the judgment. The district court denied all of Matson's postjudgment motions on September 12, 2019. Matson timely appealed the district court's order. The Respondents did not cross-appeal the district court's adverse ruling on the statute of limitations.

ANALYSIS

On appeal, Matson argues the district court erred by granting the Respondents' motion for judgment on the pleadings after finding that he failed to plead and provide proof of exhaustion of his administrative remedies. The Respondents assert the district court properly found that Matson did not exhaust available administrative remedies.

> "'A motion for judgment on the pleadings under 60-212(c), filed by a defendant, is based upon the premise that the moving party is entitled to judgment on the face of the pleadings themselves and the basic question to be determined is whether, upon the admitted facts, the plaintiffs have stated a cause of action. The motion serves as a means of disposing of the case without a trial where the total result of the pleadings frame the issues in such manner that the disposition of the case is a matter of law on the facts alleged or admitted, leaving no real issue to be tried. The motion operates as an admission by movant of all fact allegations in the opposing party's pleadings.'
> 'An appellate court's review of whether the district court properly granted a motion for judgment on the pleadings is unlimited. [Citations omitted.]'" *Tillman v. Goodpasture*, 313 Kan. 278, 281, 485 P.3d 656 (2021) (quoting *Mashaney v. Board of Indigents' Defense Services.*, 302 Kan. 625, 638-39, 355 P.3d 667 [2015]).

Matson's original petition, filed in September 2014, alleged that he was transferred to a higher security prison as a result of his filing a civil suit against the warden. In essence, Matson alleged that the prison officials retaliated against him because he filed a civil suit against the warden. Kansas courts have recognized that "[p]rison officials may not retaliate against or harass an inmate based on the inmate's exercise of his or her right of access to the courts." *Bloom v. Arnold*, 45 Kan. App. 2d 225, 232, 248 P.3d 752 (2011). But prison administrators are awarded a wide range of deference given the complex and difficult realities of running a penal institution. *Grammar v. Kansas Dept. of Corrections*, 57 Kan. App. 2d 533, 537-38, 455 P.3d 819 (2019).

The question before this court is whether Matson needed to plead and prove that he exhausted his administrative remedies before he could bring a prison retaliation claim under 42 U.S.C. § 1983. The Kansas Supreme Court has addressed this question in *Sperry v. McKune*, 305 Kan. 469, 482-83, 384 P.3d 1003 (2016).

In *Sperry*, the Kansas Supreme Court began by noting that K.S.A. 75-52,138 requires an inmate to exhaust administrative remedies before filing a civil suit. 305 Kan. at 482. A similar provision is found in the federal Prison Litigation Reform Act (PLRA). See 42 U.S.C. § 1997e(a) (2012). But the Kansas statute goes a step further than the federal law and requires an inmate to *plead* exhaustion of administrative remedies and provide proof of exhaustion in the pleadings. More specifically, Kansas law requires "[u]pon filing a petition in a civil action, such innate shall file with such petition proof that the administrative remedies have been exhausted." K.S.A. 75-52,138.

Matson correctly argues that when a state court hears an issue brought under 42 U.S.C. § 1983, the Supremacy Clause of the United States Constitution preempts any state laws or regulations that prohibit the prosecution of a claim in a manner different from what would be required in federal court. *Sperry*, 305 Kan. at 483. Thus, the Kansas requirement to plead proof of exhaustion of administrative remedies is inapplicable. In *Sperry*, the court stated that under federal and state law, a petitioner must have exhausted his or her administrative remedies before bringing a claim; but only a state claim is impacted by the pleading requirement in K.S.A. 75-52,138. 305 Kan. at 483. Stated another way, an inmate must exhaust administrative remedies before bringing a claim under either federal or state law. But only a state law claim requires the inmate to plead exhaustion of administrative remedies and provide proof of exhaustion in the pleadings.

Thus, the district court erred when it granted the Respondents' motion for judgment on the pleadings after finding that Matson did not plead and prove that he exhausted his administrative remedies. Matson did not have to do so given that his claim

was based on federal law. See *Sperry*, 305 Kan. at 483. Thus, we reverse the district court's dismissal of Matson's claim based on the pleadings and remand for further proceedings. On remand, the Respondents bear the burden to prove that administrative remedies were available to Matson and that he failed to exhaust those remedies. See *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007). We realize that the Respondents may easily be able to meet this burden and the result may be the same. But the district court improperly granted judgment to the Respondents based on the pleadings because Matson did not have to plead that he exhausted administrative remedies.

Reversed and remanded.