NOT DESIGNATED FOR PUBLICATION

No. 128,006

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID GREENE JR., MARCIA GREENE, and DAVID GREENE III,
*Appellants*,

v.

KANSAS DEPARTMENT OF REVENUE and STEVE STOTTS, Director of Taxation, in his
Individual and Official Capacity,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Oral argument held via Zoom on August 18, 2025. Opinion filed September 26, 2025. Affirmed.

*Braxton T. Moral*, of Depew Gillen Rathbun & McInteer, LC, of Wichita, for appellant.

*Adam D. King*, of Kansas Department of Revenue, for appellee.

Before GARDNER, P.J., COBLE and BOLTON FLEMING, JJ.

PER CURIAM: This appeal is before us after many years of litigation between the parties concerning the status of various tax assessments. David Greene Jr. and Marcia Greene, husband and wife, were operators of C and J Distributing (Greenes' Distributing). Greenes' Distributing sold cigarettes, candy, tobacco, and restaurant supplies to retailers. David and Marcia's sons, David Greene, III and Jonathan Greene, owned C and J Wholesale, LLC (Greenes' Wholesale), a company that sold novelty items, rented properties, and set up accommodations for events.

1

In August 2012, the Kansas Department of Revenue (KDOR) levied a $460,000 tax assessment against the Greenes based on possession of a potpourri substance called "Diablo." The assessment was reversed by the Kansas Board of Tax Appeals (BOTA) in 2014, and this court affirmed the reversal. In 2016 the assessment was amended by KDOR to $924,400 and levied against the Greenes and Greenes' Wholesale, which was affirmed by a BOTA ruling in December of 2017. The Greenes appealed the BOTA ruling and the district court ruled in their favor, which ruling was affirmed by this court in 2021. The Greenes then filed the present case against KDOR and its Director of Taxation, Steve Shotts, alleging the protracted proceedings by KDOR and Stotts constituted violations of 42 USC § 1983 and the Kansas Tort Claims Act (KTCA). The district court granted KDOR's motion to dismiss the action, and the Greenes filed this appeal.

The Greenes raise four issues on appeal. First, they allege that the district court improperly dismissed the Greenes' Fifth Amendment claim under 42 U.S.C. § 1983. Second, they maintain that the district court erred in its ruling that only a judicial process is sufficient for maintaining a claim for abuse of process under the KTCA. Third, the Greenes argue that the district court incorrectly ruled that the Greenes' KTCA claim was subject to an exception under K.S.A. 75-6104(a)(6). Finally, the Greenes allege that the district court erred by dismissing the Greenes' claims before the parties could complete the discovery.

Because we find the Greenes do not allege facts warranting recovery under 42 USC § 1983 against either KDOR or Stotts, and the actions the Greenes complain of do not constitute "judicial process" under the KTCA, the district court did not err in granting the motion to dismiss, and we therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2012, KDOR levied a $460,000 tax assessment against David Greene and Marcia Greene for possession of a potpourri substance named "Diablo" that the Kansas Board of Pharmacy had deemed a controlled substance. Whether Diablo was a controlled substance was a matter of much debate by KDOR, the Greenes, and others. In September 2014, the Kansas Board of Tax Appeals (BOTA) determined that any assessments on the relevant chemical substances in Diablo were invalid. KDOR appealed to this court which affirmed the BOTA's decision in early 2016. See *In re Tax Appeal of Hasting*, No. 112,700, 2016 WL 763569 (Kan. App. 2016) (unpublished opinion).

But the dispute between the parties did not end there. In April 2016, KDOR amended the tax assessment against the Greenes after a new, separate substance was allegedly identified at a property rented out by Greenes' Distributing during a criminal investigation of nonparties. Based on the presence of this new substance, KDOR increased the assessment to $924,400 and expanded the assessment to include Greenes' Wholesale. The Greenes objected to this amended assessment, and after an informal appeal conference, a KDOR hearing officer abated the amended assessment in September 2016. KDOR did not appeal this abatement.

Despite this abatement, KDOR still continued to seek enforcement of the original $460,000 assessment, and litigation continued. In December 2017, BOTA issued an opinion that confirmed the original assessment and added penalties and interest, bringing the amount owed by David and Marcia Greene and Greenes' Wholesale as of August 31, 2017, to $463,933.82, which included penalties and interest.

In response, in January 2018, David and Marcia Greene and Greenes' Wholesale filed a petition for judicial review of the BOTA opinion in Butler County District Court to determine the status of all remaining assessments. The district court ruled in favor of

the Greenes and Greenes' Wholesale, finding no outstanding tax assessments remained, and in May 2021, a panel of this court affirmed that decision. See *In re Tax Appeal of Greene*, No. 122,379, 2021 WL 1936066, (Kan. App. 2021) (unpublished opinion).

After many years of litigation, in August 2023, David Greene Jr, Marcia Greene, and David Greene III filed suit against defendants "Kansas Department of Revenue, [and] Steve Stotts, in his individual and official capacity." The Greenes' petition included three causes of action: (1) a 42 U.S.C. § 1983 claim against Stotts as Director of Taxation at KDOR; (2) a claim against KDOR under the Kansas Judicial Review Act (KJRA); and (3) an abuse of process claim against KDOR under the KTCA. The petition alleged that for 11 years, KDOR had engaged in a "crusade" against the Greenes that resulted in years of litigation as well as financial and emotional hardship.

The petition further alleged that through the date of filing the complaint, KDOR had retained $62,500 in seized items from the Greenes in addition to failing to lift the initial $460,000 tax assessment in a timely manner. As a result of these actions, the Greenes alleged that they lost their direct status with tobacco manufacturing contacts, resulting in $50,000 in damages, as well as $232,570 in lost income, and $47,000 in attorney fees. The Greenes' petition claimed that Director Stotts and KDOR insisted on maintaining a fraudulent assessment against the Greenes and retained property in violation of the Greenes' Fourth Amendment Rights under the United States Constitution. The summons for the petition was sent individually to both KDOR and Director Stotts.

In October 2023, KDOR responded to the Greenes' petition with a motion to dismiss. The motion alleged multiple deficiencies with the Greenes' complaint including a lack of subject matter jurisdiction, failure to comply with the requirements of the KJRA, failure to state a claim upon which relief can be granted, insufficient process or defective service of process, lack of personal jurisdiction, and immunity.

In response to KDOR's motion, the Greenes filed an amended petition. The amended petition abandoned the Greenes' KJRA claim while adding an allegation that in addition to violating their Fourth Amendment rights, the continuation of the tax assessment against the Greenes also infringed on their Fifth and Fourteenth Amendment rights. The petition acknowledged that as of October 20, 2023, KDOR had returned $62,500 in seized property to the Greenes. The summons for the amended petition was sent only to the Office of the Attorney General.

KDOR again filed a motion to dismiss, noting the minimal differences between the Greenes' original petition and the amended petition. Due to these minimal differences, KDOR's second motion to dismiss was "substantially the same as their original motion" with the exception that the second motion omitted the section regarding the Greenes' failure to comply with the requirements of the KJRA.

The Greenes filed a response to the second motion to dismiss in November 2023. The response noted that KDOR's motion did not address the Greenes' addition of Fifth and Fourteenth Amendment claims under 42 U.S.C. § 1983. The Greenes' response discounted KDOR's argument that KDOR could not be sued under the KTCA, argued there was subject matter jurisdiction, maintained that the amended petition properly stated claims for which relief could be granted, and noted that with the amended petition, it had executed proper service upon the Kansas Attorney General. KDOR then filed a reply brief in which it reiterated many of the same points from its original motion.

In January 2024, the district court held a hearing on KDOR's motion to dismiss and took the motion under advisement. In April 2024, the district court granted KDOR's motion to dismiss. The Greenes filed a motion to reconsider which the district court later denied. The Greenes timely appealed.

5

*Standard of Review*

The arguments raised on appeal by the Greenes ultimately all stem from the district court's dismissal of the Greenes' amended petition. This court reviews such a legal decision under a de novo standard. *Platt v. Kansas State University*, 305 Kan. 122, 126, 379 P.3d 362 (2016).

When considering the district court's decision to dismiss a case, this court must consider the Greenes' well-pled facts and allegations to be true and view those claims in the light most favorable to the Greenes. "Stated another way, at the motion to dismiss stage, we ask: If everything the plaintiffs have pled is true, are they entitled to relief? If yes, a motion to dismiss should not be granted." *League of Women Voters of Kansas v. Schwab*, 318 Kan. 777, 793, 549 P.3d 363 (2024).

It is not necessary for a plaintiff to detail a legal theory of relief so long as an opponent is apprised of the facts that would entitle a plaintiff to relief. *Oller v. Kincheloe's, Inc.*, 235 Kan. 440, 447, 681 P.2d 630 (1984). However, this court is not required to accept conclusory allegations on the legal effects of events the plaintiff has set out if the allegations do not reasonably follow from the plaintiff's description of what happened. *Bruggeman v. Schimke*, 239 Kan. 245, 247, 718 P.2d 635 (1986).

In its order granting KDOR's motion to dismiss, the district court first utilized a federal "plausibility" pleading standard:

> "In order to survive a Motion to Dismiss, a complaint must contain sufficient factual matter, if accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)."

6

The district court then went on to cite part of the applicable Kansas standard:

"Consistent with this standard, the pled allegations taken from Plaintiff's Second Amended Complaint are deemed true for purposes of this Motion. We are yet required to resolve all facts and inferences which may be reasonably drawn in favor of the Defendants Greene. *Kerns v. G.A.C.,* 255 Kan. 264, 875 P.2d 949 (1994)."

We note that the district court improperly intermingled the federal pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), with the more liberal Kansas pleading standard. See *Williams v. C-U-Out Bail Bonds, LLC*, 310 Kan. 775, 784-85, 450 P.3d 330 (2019) (on motion to dismiss, Kansas Supreme Court has declined to adopt federal standard of review that is more difficult for plaintiffs to meet than Kansas standard); see also *Howlett v. Rose*, 496 U.S. 356, 372, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990) (when plaintiff brings federal claim in state court, state court must apply substantive federal law but may apply its own procedural rules unless preempted by federal law).

Instead, the district court should have used the standard the Kansas Supreme Court has recognized for considering motions to dismiss under K.S.A. 60-212(b)(6). *League of Women Voters of Kansas*, 318 Kan. at 793. This mistake did not impact the district court's analysis, but even if it had, this error is neutralized by the *de novo* standard of review exercised by this court on appeal. Thus, we find that while the district court was in error in the application of the federal pleading standard, that error is not reversible.

*The district court's dismissal of the Greenes' 42 U.S.C. § 1983 claim was not made "sua sponte" and was not in error.*

The Greenes maintain that the district court improperly dismissed their Fifth Amendment claim under 42 U.S.C. § 1983. The Greenes argue that the district court

provided no meaningful reasoning for dismissing the claim, and that it did so *sua sponte* without KDOR requesting the dismissal.

As a preliminary matter, KDOR correctly notes that it addressed the Greenes' Fifth Amendment claim generally in its motion to dismiss. Although KDOR's arguments did not specifically refer to the Fifth Amendment claim, the defenses pertained to any claim under 42 U.S.C. § 1983. Because the Greenes brought their Fifth Amendment claim under 42 U.S.C. § 1983, KDOR's general arguments defending against the 42 U.S.C. § 1983 claim apply. For these reasons, the Greenes are incorrect that the district court dismissed their Fifth Amendment claim *sua sponte*.

Next, because the question of mootness is jurisdictional, this court must evaluate KDOR's assertion that even if the Greenes properly established a Fifth Amendment claim in their amended petition, such a claim is now moot. In their petition for relief, the Greenes alleged "KDOR seized property, put David, Marcia, and Davy Greene all out of business, cost them hundreds of thousands of dollars in lost income, and cost them $47,000 in attorney fees for a tax assessment it knew was fraudulent." In their motion to reconsider, the Greenes noted they "were subject to a tax lien and the taking of property in the face of a Court of Appeals ruling deeming it unconstitutional."

However, the Greenes conceded both in their amended petition and at the hearing on the motion to dismiss that KDOR had returned all property that had been seized in this case as of October 2023. Moreover, this court previously determined that no tax assessments remained against the Greenes as of 2021. *In re Tax Appeal of Greene*, 2021 WL 1936066, at *6.

Yet, the return of the seized property does not in and of itself resolve the Greenes' claims for business damage, lost income and attorney fees. Thus, an actual controversy remains, and the rights of the parties would be impacted by a judgment on this issue. See

*Sierra Club v. Stanek*, 317 Kan. 358, 361, 529 P.3d 1271 (2023) (claim is moot if this court determines it is clearly and convincingly shown actual controversy has ended, only judgment that could be entered would be ineffectual for any purpose, and it would not impact any parties' rights); *State v. Phipps*, 320 Kan. 616, 618, 570 P.3d 1240 (2025) ("The definition of mootness is well settled."). Thus, the Greenes' Fifth Amendment claim under 42 U.S.C. § 1983 is not moot.

We next consider whether the Greenes' Fifth Amendment claim under 42 U.S.C. § 1983 can be maintained against the listed parties. Under 42 U.S.C. § 1983, a plaintiff must demonstrate the conduct complained of was committed by a person acting under color of state law, and that this this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Connelly v. State Highway Patrol*, 271 Kan. 944, 957, 26 P.3d 1246 (2001).

The district court found that the Greenes could maintain the action against Director Stotts in his individual capacity, but that they had not alleged any facts in their petition to support such a claim. The district court also found that Director Stotts was immune from the action in his official capacity.

First, as to the status of KDOR as a defendant in this claim, as noted by the district court, a 42 U.S.C. § 1983 claim cannot be maintained against a state agency as it is not considered a "person" under the statute except with regard to injunctive relief. *Beck v. Kansas Adult Authority*, 241 Kan. 13, 17, 735 P.2d 222 (1987). Similarly, sovereign immunity bars 42 U.S.C. § 1983 claims that seek monetary damages against a director of a state agency. See *Prager v. Kansas Dep't. of Revenue*, 271 Kan. 1, 24-25, 20 P.3d 39 (2001).

This leaves only the Greenes' 42 U.S.C. § 1983 claim against Director Stotts in his individual capacity. The district court noted, "no evidence has been shown that the

9

official (Stotts) violated a statutory or recognized constitutional right." But the real question is whether such conduct was alleged by the Greenes. The Greenes' amended petition directly references Director Stotts' conduct on two occasions: (1) when they claimed their damages were a result of Director Stotts and KDOR's "insistence on holding an assessment it knew to be fraudulent" over the Greenes and (2) that Director Stotts maintaining a "fraudulent assessment" against the Greenes violated their "rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States." Therefore, the only conduct alleged by the Greenes is assessing taxes, which is an action within Director Stotts' official role at KDOR.

Because the Greenes did not allege Director Stotts personally engaged in any conduct outside of maintaining a tax assessment against their business, they have failed to state a constitutional claim under 42 U.S.C. § 1983 against Director Stotts in his individual capacity.

Lastly, the Greenes' constitutional claims also fail on the merits. The Greenes based their 42 U.S.C. § 1983 claim on a violation of the takings clause of the Fifth Amendment to the United States Constitution. The Fifth Amendment via the Fourteenth Amendment prohibits states from taking private property for public use without just compensation. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617, 121 S. Ct. 2448, 150 L. Ed. 2d 592 (2001).

To succeed on the merits, the Greenes must have alleged conduct that is a "taking" under the Fifth Amendment. But the conduct alleged in the Greenes' Fifth Amendment claim only relates to a tax assessment. A prior panel of this court has held a tax assessment is not a taking. *Board of Douglas County Comm'rs v. Cashatt*, 23 Kan. App. 2d 532, Syl. ¶ 16, 933 P.2d 167 (1997).

10

Moreover, the Greenes must have contended that the alleged taking was for "public use." *Palazzolo*, 533 U.S. at 617. There is no allegation in the amended petition that satisfies this requirement. In addition, a party must establish that the property in question is one in which a vested interest exists, i.e., a constitutionally cognizable property interest. *Zimmerman v. Board of Wabaunsee County Comm'rs*, 293 Kan. 332, 348, 264 P.3d 989 (2011). A vested right is one that is so fixed, it is not dependent on any future act, contingency or decision to make it more secure. *Vaughn v. Nadel*, 228 Kan. 469, Syl. ¶ 3, 618 P.2d 778 (1980).

Even assuming that Director Stotts' conduct towards the Greenes did not serve a legitimate taxation purpose, none of the facts alleged in the Greenes' amended petition establishes the Greenes had a vested interest that was taken by KDOR for public use. The Greenes' allegations of lost income are speculative and thus do not fit the definition of a vested interest. And although neither party disputes that KDOR retained physical possession of property of the Greenes until October 2023, the retention of that property did not benefit the public in any way.

For all of these reasons, the district court did not err by dismissing the Greenes' constitutional claims under 42 U.S.C. § 1983.

*The district court properly dismissed the Greenes' abuse of process claim under the Kansas Tort Claims Act.*

In analyzing the district court's dismissal of the Greenes' abuse of process claim, we must first evaluate the district court's determination that KDOR must be sued in conjunction with the State of Kansas under the KTCA. The district court relied on *Mid-American Credit Union v. Board of Sedgwick County Comm'rs*, 15 Kan. App. 2d 216, 806 P.2d 479 (1991), to note that under the KTCA, KDOR may only be sued for a claim in which the State is also a party. Because the Greenes did not name the State of Kansas

11

as a party to their suit, the district court determined that KDOR did not have the capacity to be sued.

In *Mid-American Credit Union*, a panel of this court held that unless a statute specifies otherwise, "a subordinate government agency does not have the capacity to be sued." 237 Kan. at 224. It relied on the Kansas Supreme Court's interpretation of "State" in K.S.A. 75-6102(a) as "the state of Kansas and any department or branch of state government." 237 Kan. at 224; *Hopkins v. State*, 237 Kan. 601, 606, 702 P.2d 311 (1985). In *Mid-American Credit Union*, because both the State and KDOR were listed on the suit and served with process, the panel found that the parties could be sued. 237 Kan. at 224.

Here, the Greenes did not name the State of Kansas as a party to the suit, nor did they serve the Office of the Attorney General when they filed their initial petition. After KDOR raised the potential deficiencies with the Greenes' petition, the Greenes filed an amended petition that did not name the State of Kansas as a party, but they did serve a copy of the amended petition on the Office of the Attorney General.

K.S.A. 2023 Supp. 60-219 requires a district court, when feasible, to join a necessary party by court order if they have not otherwise been joined as a party.

> "(a) *Persons required to be joined if feasible.* (1) *Required party.* A person who is subject to service of process must be joined as a party if:
> (A) In that person's absence, the court cannot accord complete relief among existing parties . . . ." K.S.A. 2023 Supp. 60-219 (a)(1)(A).

Because KDOR is a subordinate government agency that cannot be sued on its own without statutory authority, the court could not "accord complete relief among existing parties," and was thus obligated to order the required party be joined. K.S.A. 2023 Supp. 60-219 (a)(1)(A), (2).

12

So, although the district court correctly ruled the Greenes could not sue KDOR on its own without the State also listed as a party, because the Greenes had served the State with notice of the suit, the district court erred by failing to join the State by court order. See *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 492, 630 P.2d 186 (1981) (affirming dismissal of suit against city agency after plaintiff failed to comply with notice requirements). But this error is not reversible because the Greenes' abuse of process claim argument fails on the merits.

*The district court correctly determined that an administrative process is insufficient to sustain a claim for an abuse of process under the Kansas Tort Claims Act.*

The Greenes next dispute the district court's determination that an abuse of process claim must originate from a legal process rather than an administrative action. They maintain that the district court failed to follow past Kansas Supreme Court precedent holding that an administrative process is sufficient to state an abuse of process claim.

KDOR contends that administrative or non-judicial processes do not qualify as a "process" for purposes of establishing an abuse of process claim. KDOR also alleges the Greenes have failed to plead the essential elements to establish an abuse of process claim.

Under Kansas law, the elements for an abuse of process claim are a "knowingly illegal or improper use of the process done for the purpose of harassing or causing hardship, which resulted in damage" to the plaintiff. *McShares, Inc. v. Barry*, 266 Kan. 479, 494, 970 P.2d 1005 (1998). At issue in this case is whether the "process" at issue must be a judicial process, or if administrative actions by agencies are sufficient.

The Kansas Supreme Court first incidentally considered what constitutes a "process" for an abuse of process claim in *Lindenman v. Umscheid*, 255 Kan. 610, 875 P.2d 964 (1994). In that case, the Court considered whether plaintiffs had established a

13

viable claim for abuse of process after the Kansas Department of Health and Environment (KDHE) used an emergency suspension procedure to suspend the plaintiffs' daycare license. The plaintiffs alleged that an employee at KDHE misrepresented facts in their report and that this misrepresentation led to the emergency suspension. The Court never considered whether KDHE's actions properly constituted a "process" sufficient to sustain an abuse of process claim. Instead, the Court merely considered the parties' arguments regarding whether the plaintiffs were time-barred from raising their abuse of process claim. 255 Kan. at 621-24.

The question of what type of conduct is actionable as a "process" for an abuse of process claim was instead considered as an issue of first impression before a panel of this court in *Bloom v. Arnold*, 45 Kan. App. 2d 225, 230-32, 248 P.3d 752 (2011). In *Bloom* this court followed the majority of jurisdictions by holding that a claim is only valid when it alleges an abuse of judicial process. 45 Kan. App. 2d at 232. The panel explicitly discussed the holding in *Lindenman* and found that the holding did not undercut "the prevailing law in Kansas limiting 'legal process' to only those proceedings that invoke the aid of judicial process." 45 Kan. App. 2d at 232. Therefore, under *Bloom*, a plaintiff cannot establish an abuse of process claim by alleging improper use of an administrative or other nonjudicial proceedings. 45 Kan. App. 2d at 232.

The Greenes have not persuasively argued why this court should not adopt the reasoning of the *Bloom* panel, particularly given that subsequent panels of this court have adopted *Bloom's* reasoning. See *Midwest Crane and Rigging, LLC v. State Corporation Commission*, No. 122,562, 2021 WL 3823415, at *3-4 (Kan. App. 2021) (unpublished opinion). And after applying the *Bloom* holding to this case, it is clear the Greenes have failed to plead facts that establish the necessary elements for an abuse of process claim.

Legal processes are those "proceedings begun by a writ, warrant, summons, order or mandate; proceedings which invoke the aid of judicial process or decree." *Robbins–*

14

*Leavenworth Floor Covering, Inc. v. Leavenworth Nat'l Bank & Trust Co.*, 229 Kan. 511, 515, 625 P.2d 494 (1981). More specifically, a legal process cannot include proceedings "'carried on wholly outside of court . . . without the aid of its process or decree.'" 229 Kan. at 516. Here, none of the actions alleged to have been taken by KDOR involved a legal process.

The Greenes also argue that the district court improperly dismissed their abuse of process claim by determining that KDOR's actions were exempt from liability under K.S.A. 75-6104(a)(6). But the Greenes' amended petition fails to definitively enumerate a specific act that they claim is an abuse of process. We need not consider whether the district court properly ruled that KDOR is exempt from the Greene's abuse of process claim under K.S.A. 75-6104(a)(6) because the abuse of process claim otherwise fails on its merits.

The district court did not err by dismissing the Greenes' amended petition for failing to establish the essential elements for an abuse of process claim.

*The district court did not err by dismissing the case in its entirety prior to the completion of discovery.*

Finally, the Greenes argue the district court erred by dismissing their amended petition against KDOR before the case could reach discovery. To support their position, they correctly argue that it is seldom warranted for a district court to grant a motion to dismiss prior to discovery. See *Halley v. Barnabe*, 271 Kan. 652, 656, 24 P.3d 140 (2001) (quoting *Noel v. Pizza Hut, Inc.*, 15 Kan. App. 2d 225, 231-32, 805 P.2d 1244 [1991]) (Kansas courts have "'sound reasons for exercising judicial skepticism towards dismissal of a petition for failure to state a claim prior to the completion of discovery.'"). Although considered the exception, not the rule, a district court may dismiss a petition before

15

discovery if the petition raises no legally cognizable claims. *Minjarez-Almeida v. Kansas Bd. of Regents*, 63 Kan. App. 2d 225, 232, 527 P.3d 931 (2023).

In summary, after carefully evaluating the merits of each of the Greenes' claims, and determining dismissal was appropriate, we find no error in the district court's decision to dismiss the Greenes' amended petition prior to the completion of discovery.

Affirmed.